THE PEOPLE *ex. rel.* JOHN DREW *v.* THE JUDGES OF THE
CIRCUIT COURT FOR THE COUNTY OF WASHTENAW.

Where a plaintiff suffers ten days to elapse after plea of the general issue without
amending his declaration, his right to amend of course, under the 27th Rule of
the Circuit Courts, becomes extinguished. *Held,* therefore, that after a trial of
the issue, verdict for the plaintiff, verdict set aside, a new trial granted, leave given
to the parties, by special order of the Court, "to file new pleadings under the ge-
neral rules," an amended declaration filed under this order, and demurrer thereto,
the plaintiff had no right to file a second amended declaration without special
leave granted by the Court.

A declaration may be amended by adding new counts, so as to lay the contract or
wrong in a different manner, but a new cause of action cannot be introduced by
amendment.

An action founded upon a statute, cannot be joined with an action at common law.

*Held,* therefore, that counts in debt to recover the penalty for usury under the statute
(R. S. 161, § 7,) could not be amended by substituting counts for money had and
received.

A motion to strike an amended declaration from the files, and the decision of the
Circuit Court thereon, would constitute no part of a common law record of the case.
Nor could exceptions be alledged to such decision under the statute. (R. S. 383,
§ 16.) It could not, therefore, be brought before this Court for review, by writ of
error.

Application to this Court for a *mandamus* is the proper remedy of a party seeking
to obtain a reversal of such decision.

MOTION for a *mandamus.* John Gilbert and Abel God-
ard brought an action of debt against John Drew, the re-
lator, in the Circuit Court for the county of Washtenaw,
to recover the penalty for usury under the following sta-
tute : " Whenever a greater rate of interest than is al-
lowed by law, shall have been paid, the party paying the
same may recover back threefold the amount of the ex-
cess of such interest so paid, by action of debt : Provided,
such action shall be prosecuted within one year after such

interest shall have been paid." R. S. 161, § 7. The declaration contained several special counts, all founded upon the statute. Plea, general issue. The cause was tried at the May term, 1842, of the Circuit Court, before the Hon. A. FELCH, Presiding Judge, and a verdict found for the plaintiffs, which was afterwards set aside and a new trial awarded. On the 2d of December following, on application of the plaintiffs, the following order was made in the cause: "Leave given to the parties to file new pleadings under the general rules." Under this order, the plaintiffs filed an amended declaration, January 16, 1843, based also upon the statute above quoted. The time for pleading having been extended thirty days, by special order of the Court, on the 11th of March following, the defendant filed a demurrer to this amended declaration;* and, on the 27th of the same month, entered the plaintiffs' default for want of joinder therein. Three days before the entry of this default, the plaintiffs, without any special leave granted by the Court, or a judge thereof, filed a second amended declaration, containing only the common counts in debt for money had and received; and, on proof of service of a copy thereof, with notice to the defendant to plead thereto within the time prescribed by the rules of the Court, entered the defendant's default for want of plea.

At the June term, 1843, the plaintiffs moved that the default of the defendant for want of plea to the last amended declaration, be made absolute; and the defendant moved that this default be set aside, and the said second amended declaration be stricken from the files; and also, that the plaintiffs' default for want of joinder in demurrer, be made absolute. Whereupon, the Court made the following order:

---

*On the 6th of March, an act was passed, which took effect on that day, repealing the section of the Revised Statutes above quoted. S. L. 1843, p. 54.

" Ordered, that the motion heretofore made by defendant to set aside the amended narr., and to make the default of the plaintiffs for want of joinder in demurrer absolute, be overruled; and that the motion of plaintiffs to make absolute the default for want of plea to the amended declaration filed in the case, be overruled; and that the defendant have leave to plead to amended narr. *last* filed, within thirty days from the date of this order; and that the defendant's default for want of plea be set aside."

Application is now made to this Court by the defendant, (the relator,) for a *mandamus*, commanding the Judges of the Circuit Court to vacate the above order, except so far as the same denies the motion on the part of the plaintiffs to make absolute the default of the defendant for want of a plea to the second amended declaration; and also, commanding them to grant the motion made by the defendant.

*A. D. Fraser*, for the relator.

1. The second amended declaration was irregularly filed. The 27th Rule of the Circuit Courts confers only the right to amend *of course*, after the return of the writ, and before any action of the Court upon the pleadings. After that time, amendments can only be made under an express order of the Court. Grah. Pr. 653; 6 Com. Dig. 29, Amendments L. 2.

2. It was not competent by amendment to introduce a new cause of action; or, as was done in this case by the second amended declaration, to abandon the former cause of action, and substitute a new one, differing from it, in form, substance, and fact. 1 Am. Com. Law, 337; 8 Serg. & Rawle, 268; 3 Mass. R. 210; 1 Pick. R. 204; 3 Pick. 12; 1 Id. 204; 5 Pick. R. 305; 2 Archb. Pr. 267; 6 T. R. 544; 7 Id. 55; 1 Tidd's Pr. 698; 16 E. C. L. R. 403; 2 Serg. & Rawle, 1; 15 Id. 81; 5 Binney, 53; 4 Yeate's R. 507; 2 Whart. Dig. 36, 38; 1 Miles' R. 67;

People *v.* Judges of the Washtenaw Circuit Court.

4 Watts' R. 55; 1 Am. Com. Law, 324; 5 Monroe's R. 440.

3. This was originally a penal action; and courts in the exercise of their discretion have repeatedly refused to permit amendments in such actions; 6 Hayw. R. 174; 1 Metc. & Perk. Dig. 75, § 102; 21 E. C. L. R. 151; 4 Harr. Dig. 2284; especially, where, as in the present case, the allowing such amendments would be in effect a permission to bring a new action, to which, otherwise, the statute of limitations might be pleaded. 4 Day's R. 37; 2 T. R. 707; 6 Id. 171; Barnes' Ca. 488; 4 Yeates' R. 507; 6 Serg. & Rawle, 295.

Again: courts will not allow amendments after a variance which common care would have prevented. 5 J. B. Moore, 164; 2 Brod. & Bing. 395; 6 E. C. L. R. 165; 1 Harr. Dig. 51.

4. The second amended declaration was for money had and received; the original and former amended declaration was founded solely upon the statute, R. S. 161, § 7, and concluded "against the form of the statute." It was necessary that a declaration to recover the penalty given by the statute, should so conclude. 2 Pet. Dig. 21, 211; 1 Gall. R. 26, 261, 257; 13 Petersdorf, 206; 7 Am. Com. Law, 297; 15 Law Lib. 92. The verdict and judgment are of a special nature under the usury act. 5 Cow. R. 678. An action at common law cannot be joined with an action upon a statute. Jenk. R. 211; 1 Com. Dig. 222, G. 1; 2 Whart. Dig. 460; 16 Serg. & Rawle, 375; 3 Salk. R. 203.

5. The remedy by *mandamus* in this case is proper. It is the appropriate remedy where a party has a legal right, and there is no other appropriate remedy; and where in justice there ought to be one; but not where discretion is granted. 1 Cow. R. 423; 3 Burr. R. 1265; 12 John. R. 414; 19 Wend. R. 118, '19, '20.

Now, the allowance or disallowance of amendments is not a matter for which error lies; 5 Pet. Cond. R. 687; 1 Pet. R. 168; nor is the refusal to quash an execution; 6 Pet. R. 310; 2 Pet. Cond. R. 127; nor a refusal to grant a new trial; 2 Sum. R. 19; 2 Day's R. 368; 2 Binney R. 80, 93; nor will it lie to an order staying proceedings in a court below; 2 Pet. Cond. R. 618; nor on a refusal to grant a venditioni exponas; 6 Pet. R. 648; nor to an order setting aside an injunction; 8 Pet. R. 259; nor where a discretion has been exercised in receiving or rejecting pleas; 1 Pet. Cond. R. 259; nor on refusal to continue a cause; 2 Pet. Cond. R. 97; Id. 172; 4 Id. 427; to allow pleadings to be amended, or new ones filed; 2 Pet. R. 347; 3 Pet. R. 31; nor to reinstate a case after a new trial; 2 Pet. Cond. R. 256. And, generally speaking, matters of practice in the inferior courts, do not constitute subjects on which errors can be assigned in an appellate court. 3 Pet. R. 445; 6 Com. Dig. 443; Hardin's R. 173.

The defendant, then, would be without remedy unless the Court would interpose by *mandamus.*

This has been expressly held to be the appropriate remedy at common law in similar cases. 1 Cow. R. 15; 5 Wend. R. 125; 1 Id. 299; 1 East. R. 686; 10 East. R. 404.

The remedy is given by our statute, S. L. 1843, p. 70, § 12; and it has been the policy of our legislature to reserve all doubtful questions for determination by the Supreme Court. S. L. 1840, p. 18, 19, § 3; S. L. 1842, p. 21.

*William A. Fletcher*, contra.

The plaintiffs had a right to file the second amended declaration under the 27th Rule of Court.

The provision of that rule, that "new counts or pleas may be added," on amendment of declarations or pleas

under the rule, gave the right to count in the amended declaration, upon new causes of action, in as clear and express terms, as it gave to the defendant the right to add a new plea, setting forth a defence entirely different from that in his former plea.   The cases cited by the counsel for the relator to this point, do not apply here.   No rule similar to that above referred to has ever been adopted by the English Courts.   Nor was it adopted in New York until 1830, after the decisions cited from that state were made.   Grah. Pr. 653 ; 2 Wend. R. 259.   Neither has it been in force in any of the other states from which decisions are cited.   The question here is, simply, what is the proper construction of the 27th Rule?   There is no ground for the distinction contended for between penal and other actions ; for the rule applies to all actions.

Counts in debt for money had and received may be joined with counts founded on the statute.   R. S. 161, § 7 ; 1 Com. Dig. 221, G. 1, and cases there cited ; 1 Ch. Pl. 180 ; Gould's Pl. 210, 219.   In this case, the plaintiffs had an action of debt, at common law, to recover of the defendant the excess above the legal interest.   Their right of action, therefore, growing out of this transaction, did not depend upon the statute.   They had a right of action independent of the statute.   The statute gave the right to the plaintiffs to recover threefold the excess above the interest ; and the original declaration was for the penalty. Why might not the plaintiffs join a cause of action for the excess above the interest, with a count for the penalty ?

*Mandamus* is not the proper remedy in this case.   The statute, S. L. 1843, p. 170, § 12, does not give it, because the decision sought to be reviewed, is not of a question addressed to the *discretion* of the Court.   It can be resorted to at the common law, only where there is no other remedy.   And the statute of this state gives another remedy, to wit, by bill of exceptions, and writ of error.   R. S. 383.

§ 16.    The counsel entered into a critical examination of the provisions of this statute, for the purpose of showing that, under it, exceptions might be taken to the decision now sought to be renewed by *mandamus.*  He also reviewed in detail the several decisions cited on behalf of the relator for the purpose of showing that the only remedy in this case was by *mandamus.*

WHIPPLE, J. delivered the opinion of the Court.

The first ground assumed by the counsel for the relator, is, that the second amended declaration was irregularly filed, and that the motion to set the same aside should have been granted by the Circuit Court.    Whether this position be sound or not, must depend upon the construction of the 27th general rule prescribed by this Court for regulating the practice at the Circuit.    That rule is as follows:  " The plaintiff may at any time before the default for not replying shall be entered, if the plea shall be a special plea, or a plea in abatement, or within ten days after service of a copy of the plea if it shall be the general issue, amend his declaration.    After plea, either party may, before default for not answering shall be entered, amend the pleading to be answered; and when there shall be a demurrer to a declaration or other pleading, such pleading may be amended at any time before the default for not joining in demurrer shall be entered. The respective parties may amend under this rule, of course, and without costs, but shall not be entitled so to amend more than once.    Under this rule, new counts or pleas may be added."

Had the plaintiffs, then, a right to file the *second* amended declaration, *as of course,* under this rule?    The first amended declaration was filed under the special order of the Court granting leave to the parties to file new pleadings under the rules of the Court; that is to say, the plaintiffs

had leave to file their amended declaration within sixty days, and the defendant had thirty days to plead thereto. Could the plaintiffs, then, after a demurrer was interposed to their amended declaration filed under the special order, amend of course, under the general rule? I think the rule will not admit of such a construction. In this case, the plea of the general issue was pleaded to the original declaration,—a trial was had, and a verdict rendered in favor of the plaintiffs, which was subsequently set aside, and a new trial granted. At this stage of the proceedings, the special order allowing new pleadings was made, and the 27th general rule ceased to operate; all further pleadings were to be regulated by the special rule; neither party could refer to the general rule for conducting them; that rule had no application to the case. This, I think, will appear manifest by a careful examination of the rule itself, without reference to the practice under it. The rule provides that the plaintiff may amend his declaration of course, before default is entered: 1. Where a special plea is filed; 2. Where a plea in abatement is filed; and 3. Where a demurrer is filed. It also provides that a declaration may be amended, in the event that the general issue is pleaded, provided the amendment is made within ten days after service of such plea. With reference to the right of the plaintiff to amend when the general issue is pleaded, the rule may be construed to read thus: " The plaintiff may amend his declaration once of course within ten days after service of a copy of a plea, if it be the general issue." In this case, the general issue was pleaded to the original declaration; and the right of the plaintiffs to amend, existed, provided such amendment was made within ten days after the service of the plea. The plaintiffs, however, did not avail themselves of this right, but proceeded to the trial of the cause, and obtained a verdict. This being so, their right to amend under the

27th rule became extinguished ; that rule had no further application to the case. After a case is taken out of the operation of the *general rules* for regulating the pleadings in a cause, I think the 27th of those general rules, ceases to apply to it, and the party is bound to proceed under the *special rule* that may have been made, and be guided by it. In the case before us, the plaintiffs, under the special order of the court, availed themselves of their right to file an amended declaration. To that declaration a demurrer was interposed; and, if they desired further to amend, a special application for that purpose should have been made to the court, and a special order obtained. They could not file an amended declaration under the special order of the court, and amend *of course*, under the general rule. ' That rule was evidently intended to apply only to cases where the pleading amended was filed under the general rules of the court. If this be its true construction, it follows, that the rule has reference, exclusively, to amendments to be made after the return of process, and before the action of the court has been had upon the pleadings. Suppose the defendant, instead of filing the plea of the general issue to the original declaration, had demurred, and that the demurrer had been sustained, with leave to the plaintiffs to amend ;—will it be contended that, upon demurrer to the amended declaration, the plaintiffs would have had the right to amend of course? I apprehend not. After the action of the court upon the pleadings, the right to amend must be derived from some special rule made in the particular case, and not from the general rule, which has ceased to have any application. Such, according to my understanding, has been the practice under the rule. I have never known the right to amend under the 27th rule allowed, except under the circumstances I have stated.

But a more serious question arises upon the return made by the Circuit Court. It is insisted by the counsel in be-

half of the relator, that, admitting the right of the plain-
tiffs to file the second amended declaration, yet, this right
did not authorize the filing of a declaration embodying a
new and distinct cause of action.    Both the original and
amended declarations were in debt, to recover the penalty
for usury under the statute, R. S. 161, § 7.    The last
declaration filed, contains three counts, for *money had and
received*.    Can the plaintiffs thus abandon their original
cause of action, and substitute another, differing in form,
substance, and fact ?    " Amendments are either at com-
mon law or by statute.    At common law, there was very
little room for amendments."    1 Tidd's Pr. 697.    By the
English statute of amendments, the declaration may be
amended in *form or substance*.    "In the King's Bench, the
plaintiff was not formerly allowed to add a new count to
his declaration, under pretence of amending it, after plea
pleaded, or after the end of the second term from the re-
turn of the writ."    "It is now the practice, however, in the
King's Bench, to permit a new count to be added after
the end of the second term, when the cause of action is
substantially the same, though not for a different cause of
action."    " In the Common Pleas, the course of the court
formerly was, that the plaintiff might, at any time before
the end of the second term, have leave to amend his dec-
laration, by adding new counts, but not afterwards; at
present, however, it is not an invariable rule in that court,
that a new count shall not be added after the second term.
The principle of the rule is, that, as the plaintiff would
have been out of court at the end of the second term, if
he had not declared at all, so the court will not suffer him
to declare upon a fresh cause of action, after the time has
elapsed; but when the cause of action is *substantially the
same*, a new count may be added.    Therefore, when the
plaintiff, having obtained leave to amend a count in his
declaration, added new counts, which contained no new

cause of action, but only varied the manner of stating that which was demurred to, the court of common pleas would not order them to be stricken out." 1 Tidd's Pr. 698, '9. Such seems to be the practice in the King's Bench and Common Pleas, on the subject of amendments. The practice, under the English statutes, may be thus stated : 1. Declarations may be amended either in *form or substance.* 2. New counts may be added, when the cause of action is substantially the same, though not for a different cause of action. 3. Where a declaration is demurred to, and leave to amend is granted, the plaintiff may add new counts, varying the manner of stating that which was demurred to.

I propose now to examine a few of the very many adjudged cases, both in England and in this country, on the subject of amendments. In the case of *Maddock* v. *Hammet,* 7 T. R. 28, it seems that a rule had been obtained, calling on the defendants to show cause why the declaration, which was in an action for usury, should not be amended by altering the times of payment of certain notes in which the charge of usury was alleged to consist. It was admitted that the statute of limitations had run, so that no new action could be commenced. Lord *Kenyon,* C. J., remarking that, "inasmuch as the amendment prayed for, was not to introduce a new substantive cause of action, but merely to rectify a mistake in setting out the notes," permitted the same to be made. In the case of *Dover* v. *Mestaer,* 4 East. R. 435, an application was made to amend the declaration in a penal action. Lord *Ellenborough,* C. J. remarked that, "if it had never been determined that any amendment could be made in penal actions, after the time for bringing a new action was out, he should have doubted the propriety of allowing such an amendment for the first time," &c. *Lawrence,* J. said that, "the line which had been drawn in the former cases,

is, that where there has not been any unnecessary delay on the part of the plaintiff in the prosecution of a penal action, the court will allow of an amendment as in other cases, the *cause of action being in truth the same.*"

These authorities sustain the views laid down, both by Tidd and Archbold, and are deemed entirely sufficient to show the English rule in respect to amendments.

A reference to a few American authorities will now be made. In the case of *Caswell* v. *Cooke*, 8 Serg. & Rawle, 268, the court say, that " the power of the courts under the act of 25th March, 1806, is not confined to mere alterations of form, but, in its terms, extends to every informality which will affect the merits of the cause in controversy;" and that "the true criterion is, whether the alteration or proposed amendment, is a new and different matter,—another cause of controversy; or, whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proof, and the merits of the case."

In the case of *Hayne* v. *Morgan*, 3 Mass. 208, *Parsons*, C. J. makes use of this language: "By the statute of 1784, a general power is given to the court to order amendments on motion, without limiting the discretion of the court, as to the nature of the amendment, or the terms on which it may be ordered. The court have heretofore considered that an amendment, by which the plea was changed, as to alter a plea *of the case* to a plea of *debt* or *trespass*, was not within their discretion; for then it would be a different action." " So, to file a *new declaration for a new cause of action*, not contained in any of the original counts, has been refused. But all amendments of declarations, consistent with the nature of those originally made, and for the same cause of action, are within the statutes."

In *Vancleef* v. *Therasson*, 3 Pick. R. 12, it appears that

the action was assumpsit, to recover the price of forty fir-
kins of lard.   At the trial, the plaintiff proved the sale and
delivery, but it appeared that a negotiable note had been
given by the defendant, at the time, payable in four
months, &c.; whereupon, the plaintiff moved for liberty
to amend his writ, by inserting a count on the note ; but
the amendment was not allowed.   *Parker*, C. J. in giving
the opinion of the court, remarked, that, by the decisions
of the court, " the amendment could not be allowed ; for
the note and the account *were substantially different causes of
action*."   The rule in Massachusetts is again stated by *Par-
ker*, C. J. in the case of *Ball* v. *Chaflin*, 5 Pick. 304.   He
says, " the new count offered under leave to amend, must
be consistent with the former count or counts; that is, it
must be of the like kind of action, subject to the same
plea, and such as might have been originally joined with
the others.   It must be for the same cause of action; that
is, the subject matter of the new count must be the same
as of the old ; it must not be for an additional claim or
demand, but only a variation of the form of demanding
the same thing."   In the case of *Currie* v. *Tibbs' heirs*, 5
Monroe's R. 540, the court say, that " no amendment
ought to be allowed, which changes the old controversy
into an entirely new suit ;" although, in Kentucky, amend-
ments are liberally indulged under the practice in that
state.   In *Drake* v. *Watson*, 4 Day's R. 37, the court de-
cided that " an amendment will not be allowed in an ac-
tion *qui tam*, to recover the penalty for an offence, which,
at the time of making the motion, was barred by the sta-
tute of limitations."   The action in that case was upon
the statute of usury.   The same doctrine is held in 2 T.
R. 707, and 6 T. R. 171.

The cases cited show very conclusively, that, under the
statutes of amendments, the rules of decision in England
and in this country have been uniform and identical.

They establish, I think, beyond controversy, the principle that an amendment will not be permitted, which would, in effect, amount to a permission to bring another action. In the present case, an attempt is made to change an action, originally brought to recover a penalty under the statute of usury, into an ordinary common law action for money had and received.    This the statute never contemplated; and this the 27th rule does not sanction.    Both the statute and the rule are liberal in their provisions, but not more so than the statutes of Pennsylvania or Massachusetts ; and they must be construed to intend, that, while courts are to apply, with great liberality, the provisions of both, by permitting amendments by the addition of new counts, or otherwise, yet, the amendments must be such as are consistent with the cause of action described in the declaration to be amended, and not the substitution of a new cause of action.    The object of the statute of amendments being the obtainment of substantial justice, unembarrassed by mere form, I think that object can be best attained by adhering to the rule laid down by the Supreme Court of Pennsylvania, in the case of *Caswell* v. *Cooke*, 8 Serg. & Rawle, 268, and permitting parties to amend, so as to lay the contract or wrong in a different manner, as will best suit the proof, but not permitting a new cause of action to be introduced by an amendment.

But there are other difficulties in the way of permitting the amendment in the present case.    An action founded upon a statute, cannot be joined with an action at common law.    1 Com. Dig. 222, G. 1 ; 16 Serg. & Rawle, 375. If this be true, I am unable to perceive how a party can abandon an action based exclusively on a highly penal statute, and substitute the common law action for money had and received.    The action of debt, it is true, will lie in both cases.    In the first case, the remedy by action of

debt, is given by statute, and sounds in contract, but the thing to be recovered is for a wrong. In the second case, the action not only sounds in contract, but the thing recovered is for a breach of an *implied agreement*. Can a party, then, abandon an action of debt to recover a *penalty*, and substitute for it an action of debt for money had and received, or upon an implied undertaking? I apprehend not.

The next question to be considered is, whether the remedy by *mandamus* is appropriate. We are not disposed to extend this remedy further than is warranted by the previous decisions of this Court, in which we have uniformly held, that a mandamus will not be awarded in cases where another remedy is provided by law.

In the present case, it is contended by the counsel for the respondents, that the appropriate remedy for the error complained of, was by writ of error, founded on exceptions taken to the opinion of the court below. This argument is founded on the following provision of our statute: "Any party aggrieved by any opinion, direction or judgment of any Circuit Court, in any civil suit or action, when a writ of error shall lie to remove a judgment therein to the Supreme Court, may allege exceptions thereto, which being reduced to writing and presented to the court, before the adjournment thereof without day, and being found conformable to the truth, shall be allowed and signed by the judges of the court, and, on being filed, shall make a part of the record in the cause, if the party alleging such exceptions shall elect." R. S. 383, § 16.

The motion to strike out the second amended declaration, and the decision of the court upon that motion, would not constitute a part of a common law record; and the only question is, whether the motion and decision thereon, constituted a proper subject for exceptions, under the statute, so as to make them a part of the record in the cause.

Our statute is taken from a similar one found in the laws of Massachusetts, and has long since received a judicial construction by the Supreme Court of that state.   In the case of *Haynes* v. *Morgan*, 3 Mass. R. 208, *Parsons*, C. J. said,—" The defendant files his exceptions to an order of the judges, made in the course of the trial, granting the plaintiffs leave ˺to amend their declaration without the payment of costs.   The former part of the 5th section of the act authorizing exceptions, provides, that any party aggrieved at any opinion, direction or judgment of the justice, in any action or process, may allege exceptions to the same, at the term of the said court when such opinion, direction or judgment shall be given.   By the latter part of the same section, power is given to the court to enter judgment when it shall appear that any exceptions made *in or after* the trial, are immaterial, or intended for delay. Taking the whole section together, it is manifest that exceptions may be made for any causes arising during the trial, or from the rendition of judgment; *and not for causes arising from any order of the court made in a cause preparatory for trial.*   An order for amending a declaration, although it may happen to be moved for during the trial, yet, as it may be made at any time before the trial, is not a cause for filing exceptions."

The usual office of a bill of exceptions, is, to enable a party to avail himself of exceptions taken to " any opinion, direction, or judgment" of a court *during the trial of a cause;* and it would certainly be a novelty in practice, to tender a bill of exceptions to a court, embodying the " opinion, direction, or judgment" of the court upon a motion to strike from the files a declaration for irregularity.

In the case before us, whether the motion to strike out the declaration, should, or should not have been granted, depends upon the construction of the 27th general rule. It was a motion not addressed to the discretion of the

court. The rule, until rescinded or altered, was the law by which the motion was to be determined. And, as the judgment of the court upon that motion would not appear in a common law record, and was not the subject of an exception under the statute, it would seem that the remedy by *mandamus* is the only one by which that judgment can be reviewed.

Goodwin, J., having acted as counsel for the relator before he took his seat upon the bench, did not participate in the decision.

*Mandamus granted.*