## The People on the relation of Mathew Wiley v. The Judge of Allegan Circuit.

*Justice's courts : Appeals : Return : Fee : Jurisdiction.* While the payment to the justice of the fee for making return to an appeal is not necessarily a strictly jurisdictional fact, and when waived and return made, it will be conclusively presumed to have been paid; yet it is a condition precedent to the right of the appellant to maintain his appeal, and unless it is paid or its payment waived, no duty is imposed on the justice to make a return, and no court can compel it; and he may proceed to issue execution as if no appeal had been attempted.

*Appeals : Return : Jurisdiction : Compelling a return.* Until a return is made to an appeal from a justice's court, the circuit gets no jurisdiction over the cause itself, and cannot try it; but it has jurisdiction to inquire into the facts, to ascertain whether the fees and costs have been paid and the appeal duly taken, and if so, to compel a return.

*Practice : Appeals : Proceedings to compel a return : Justice's statement of facts.* The proper practice, where it is claimed an appeal has been duly taken and the justice has failed to make his return, is to call upon the justice, upon cause shown by affidavit, to state the facts; and his official statement will be conclusive upon the facts therein stated, although it will be construed in reference to the affidavits in answer to which it is made.

*Proceedings to compel a return : Review : Mandamus : Certiorari.* Where, in such a proceeding, the circuit judge has determined that the justice had waived the payment of the fee for making the return, his decision is conclusive and cannot be reversed on *mandamus* or *certiorari*, provided there be any facts stated by the justice having any tendency whatever to establish it; but in this case, where no fact is stated having any such tendency, the order of the circuit compelling a return, is vacated by *mandamus*.

*Mandamus : Parties : Interest : Appellee : Justice's fee for return.* The appellee, in whose favor judgment has been rendered by the justice, having a right to have the pretended appeal dismissed for non-performance of any thing made by the statute a condition precedent to the perfection of an appeal, has sufficient interest in the question of payment of the justice's fee for making a return, especially where execution has issued upon his judgment and been satisfied, to entitle him to a review by *mandamus* of the decision of the circuit judge.

*Mandamus : Remedy : Writ of error : Record : Certiorari.* *Mandamus* is the proper and only adequate legal remedy for the review of the action of the circuit judge in such proceedings; a writ of error would not reach the wrong complained of, because the record would not include these collateral proceedings; *certiorari,* if it would lie at all, could only be brought after the trial and judgment, and it is at least doubtful whether it would bring up such proceedings.

*Mandamus : Remedy : Judicial action.* Where an inferior court has acted judicially in the determination of a question of fact, or a question of law properly involved in the case in such shape as to give the power judicially thus to determine it, however erroneous the decision, it cannot be reviewed by *mandamus*; but where the case before such court does not, upon its facts or the evidence, legitimately raise the question of law or fact it has assumed to decide, so that the court could act judicially upon it, or had the power judicially to make the decision it has assumed to make, its action is not properly judicial, and no assumed determination of it, nor any order resting upon it, will preclude the remedy by *mandamus,* provided the case be in other respects a proper one for that species of remedy.

*Heard May 1.    Decided July 14.*

Application for *mandamus.*

*Severens & Boudeman,* for relator.

*J. L. Hawes,* for respondent.

CHRISTIANCY, J.

Though it is true in a qualified sense that the payment of one dollar to the justice for making his return to an appeal under the justice's act, is not necessarily a jurisdictional fact, because the justice may waive its payment, and may make his return without it, in which case it will, under *section 204 (Comp. L.,* § *5452),* be conclusively presumed to have been paid; yet, on the other hand, the payment within five days after the rendition of the judgment, of this one dollar to the justice for making his return, as well as the costs of the opposite party included in the judgment, is, by the *188th section (Comp. L.,* § *5436),* made a condition precedent to the right of the appellant to maintain his appeal; and if the payment be not made within the five days, then, unless waived by the justice, or (which, for the purposes of this case, is the same thing), unless he choose to make his return voluntarily, no duty is imposed upon him to make a return, and no court

has the right to compel it, and he may proceed to issue execution as if no appeal had been attempted.   Without his return the circuit court gets no jurisdiction over the cause itself, and cannot try it, though it has jurisdiction to inquire into the facts, for the purpose of ascertaining whether the payment has been made or waived, or whether the bond or recognizance, or the affidavit, had been duly made and filed with the justice, or the appeal in any other way duly taken; and if so, to compel a return.   But in ascertaining these facts the appellate court must get them from the justice himself, by calling upon him, upon cause shown by affidavit (which was done in this case), to state the facts bearing upon the question; and the court and the parties must, upon this question and in this proceeding, be governed by his return of such facts.   It would be dangerous and lead to interminable confusion, to admit for this purpose any testimony outside of the justice's own official statement, which will, however, of course, be construed in reference to the affidavits in answer to which it is made; but it is his answer, after all, which must govern.   If he returns the facts falsely, he may, in proper cases, be made responsible in a proceeding appropriate for that purpose.

The circuit judge, while admitting that the justice could not be compelled to make return *of the appeal* unless his fee for the return had been paid, or its payment waived, held that the justice had waived its payment within the five days, upon which he would otherwise have had the right to insist, and had no right afterwards to insist upon it as condition precedent to the making of the return.

If any facts are stated in the return of the justice, in answer to the affidavits upon which he was ordered to show cause why he should not make his return, which have any tendency whatever to establish the conclusion that he did waive the payment of his fee, within the five days, or consent that it might be paid afterwards, then, I think, it is very clear that the decision of the circuit judge cannot be reversed in this proceeding for a *mandamus,* nor upon *cer-*

*tiorari*, nor even by writ of error, if the latter would lie; but the conclusion of the judge from such evidence would be final and conclusive. Whether, if his final order upon the justice for a return to the appeal had been made in consequence of an erroneous view of the effect of the statute in reference to appeals, we could correct the error in this proceeding, we need not determine; since, whether his view of the statute was correct, or not, it is evident from the answer of the respondent that the error, if any, in compelling the return to the appeal, did not result from any error in the view he took of the statute, but in the conclusion which he drew from the justice's return or answer in the proceedings to show cause; and he held that if the payment of the fee had not been made or waived, the return to the appeal could not be compelled.

But if no fact is stated in the justice's answers or returns in the proceedings to show cause, having any tendency to support the conclusion of waiver of payment, then I think a mandamus should issue to compel the circuit judge to vacate the order for a return, and to dismiss the appeal, unless the right to insist upon the failure to pay, or the non-payment of the fee, is a matter so exclusively between the justice and the appellant, that the relator is not entitled to take any benefit from the objection under all the circumstances of the case, or unless the relator has some other legal remedy for the erroneous action of the court.

If an execution had not been issued and satisfied, there might, perhaps, be more plausible ground for saying the objection, for want of payment of the fee, was one in which the justice alone was interested, and that the relator, the plaintiff in the judgment, had no right to raise it. But, even then, this view, on examination, will be found to be unsound, and to lack plausibility, when the payment was not made, and the justice, for this reason, has neglected or refused to make his return on that ground; since, in such case it is perfectly clear, and is admitted by the counsel for the respondent, and was admitted by the circuit judge, that the

plaintiff would have the clear legal right to insist upon the objection, by moving to dismiss the appeal. And there can be no doubt that it would be the clear legal right of the relator to have it dismissed, and the clear legal duty of the court to dismiss it for want of a return, unless shown by the appellant that payment had been made within the time, or waived by the justice. The plaintiff had already obtained a judgment, and his interest to avoid the delay, expense and uncertainty of a re-trial of the whole matter must be recognized. In fact, the appellee, in whose favor the judgment has been rendered by the justice, has generally a clear legal right to insist upon the objection of such non-payment to the justice, as upon the non-performance of one of the conditions upon which the appeal is allowed to be heard, unless the justice has himself waived it. But in the present case, when an execution had already been issued upon the judgment, and the constable had made the money on, and returned it satisfied, the relator's interest, it seems to me, cannot be doubted; since by the result of the appeal he may be compelled to refund, and may, perhaps, be made a trespasser by relation, for having procured the issue of an execution.

But it is not enough that the relator has an interest, nor that he has a clear legal right, which has been as clearly violated; if he has any other adequate legal remedy, he is not entitled to invoke the sovereignty of the state in his behalf, to secure the protection of his rights by the extraordinary writ of *mandamus*, issued on behalf of the people of the state, for the purpose of securing the due execution of the law in his behalf; but he must rely upon the ordinary legal remedy which the law has given him, as an individual. If he has any such legal remedy in this case, it must be either by writ of error or a common-law *certiorari*.

That a writ of error would not afford him redress for the wrong complained of, or protect the right alleged to be violated in the present case, is too clear to admit of a doubt. This remedy corrects only the errors apparent upon the

record (or upon a bill of exceptions, which is a part of the record).

The record in the present case would consist of the record of the suit before the justice (this being only a general appeal), as sent up by the return of the justice to the appeal, and would not include the affidavits, or orders of the circuit court based upon them, for compelling a return, nor the returns or answers of the justice in showing cause against being compelled to make return to the appeal; and the error complained of would not appear — *Pearsons v. Eaton, 18 Mich., 79 ; Conrad v. Freeland, 18 Mich., 255.*

Whether a *certiorari* would lie to correct such an error may not be quite so clear; but if it would, it could only be brought after the trial of the case upon appeal, and a final judgment in the case (*Palms v. Campau, 11 Mich., 109*); and the *certiorari* would then be to remove the cause itself for review, and not this collateral proceeding, unless it forms part of the record in the case.

It was held in *People v. Judges of Branch Circuit, 1 Doug. (Mich.), 319,* that the proceeding commencing a suit by attachment, not being a proceeding according to the course of the common law, a common-law certiorari would lie to correct an error of the circuit court in allowing a new affidavit (required as the ground upon which the writ was to issue) to be filed · in the place of a defective one; that the affidavit, being the very ground upon which alone the writ could issue, would go upon the record, as well as the new one permitted to be filed, and therefore the *certiorari* would remove them to the supreme court; but it was added (in strict accordance with the common-law authorities), that it would not bring up the various affidavits on which the motion (to allow the filing of the new affidavit) was made and resisted.    Allowing the proceeding of the appeal to be a special proceeding, not according to the course of the common law (though the case before the justice, as well as in the circuit, was in other respects a common-law proceeding), then the affidavit for appeal, filed with

the justice, and the return of the justice to the appeal it-self, would constitute the record, but neither the affidavit made in the support of the order to show cause why he should not make the return, nor that order itself, nor the justice's return or answer to the order, nor the final order that the return should be made, would constitute any part of the record of the cause, as none of these were the foundation of the proceeding by appeal. These collateral proceedings are not (in the language of the court in the case last cited) based upon the statute giving the appeal, but are mere matter of practice in the court; and to reach these by *certiorari* some provision of the statute is required, as in the case of a *certiorari* to a justice's court, or on special appeal, as required by the statute.

The result, in my view, is, that the relator has no legal remedy for the wrong complained of, without resorting to the writ of *mandamus.*

It therefore becomes necessary to examine the returns or answers of the justice in the proceeding to show cause why he should not make his return to the appeal, and to see if any facts are stated by him tending to show that he had waived the payment of his fee within the five days, or had consented, either that it should not be paid at all, or that it might be paid after the five days.

In his first answer he says, that on the 28th of April, 1870, when Foster filed his bond and affidavit for appeal, and paid the costs taxed on the judgment, he informed Foster he would have to pay one dollar more for his fees for making the return to the appeal, which Foster did not do, and has never paid it, and that he never tendered it within the five days. In answer to a further order for a further answer, based upon other affidavits, he says, as before, the defendant paid the costs taxed in the judgment, and then adds : " I did then and there demand of him the further payment of one dollar for my fees for making said return; * * at the same time I informed him that the said return would not be made unless the fee of one dollar

was paid within five days allowed for taking appeals;" that Foster has never paid the one dollar, or offered to do so; that he afterwards stated to said Foster, in the presence of J. L. Hawes, that he never offered to give time to pay the said one dollar, except what the law provides. And further, when he demanded said one dollar of Foster for making the return, no time was given or agreed upon.

I see nothing in all this, when construed with reference to the affidavits, which can be tortured into an admission of a waiver of payment, or which tends in the remotest possible degree to prove that such waiver had taken place. It is simply a direct and positive denial of any such waiver. There was, therefore, upon these answers, no such question before the judge for decision; nothing upon which he could act judicially in determining that such waiver had taken place. His action, in ordering the return to the appeal, was, in my opinion, just as clearly without authority, as if he had made the same order without any affidavit, or application for the order, and without calling upon the justice to show cause. It was not judicial action in any proper sense. The order was a clear violation of the legal right of the relator, and he has no other legal remedy. For these reasons I think the *mandamus* should issue as prayed.

I know it has been often said ( and in most cases correctly, when applied to the particular facts of the case under consideration ), that, though a superior may command an inferior court by *mandamus*, to go forward and try or dispose of a case or question before it, it cannot compel the lower court to undo what it has done; that affirmative action may be enforced, but not negative action; that a court may be compelled to go forward, but not to retrace a step it has already taken. But affirmative action by way of further proceedings in one direction, often involves the retracing of steps already taken, and the undoing of what has already been done in another direction, and the over-ruling or setting aside of previous determinations, or orders

wrongfully made. The cases are very numerous to this effect; and among those in our own court which may be cited are *People v. The Judges of the Washtenaw Circuit, 1 Doug., 434;* and *People v. Bacon, 18 Mich., 247.* And upon a full consideration of the cases, which it must be confessed are by no means harmonious (the more important of which will be found collected in *Moses on Mandamus, 19 to 58*), I think the true principle upon which a majority of the cases may be reconciled, is, that if the inferior court has acted judicially in the determination of a question of fact, or a question of law, at least if the latter be one properly arising upon the case itself, and not some collateral motion or matter,—that is, if the case or proceeding before it, upon the facts raised the particular question in such a shape as to give the power judicially thus to determine it,— then such determination, however erroneous, cannot be reviewed, nor can any order the court may have made, or action it may have taken in consequence of it, be disturbed or reversed or reviewed by *mandamus;* if the action or order be such as would be justified by the same decision or determination when correctly made. In other words, such decision must, in a proceeding for a *mandamus,* be presumed to be right, because it is not the office or purpose of this proceeding to review or correct judicial decisions or judgments, which can only be accomplished by some other proceeding appropriate to that end.

But if the case before the lower court does not, upon its facts or the evidence, legitimately raise the question of law or fact it has assumed to decide, so that the court could act judicially upon it, or so as to give the court the power judicially to make the decision it has assumed to make, then its action is not properly judicial, and no assumed determination of it, nor any order resting upon it, will preclude the remedy by *mandamus,* provided the case be in other respects a proper one for that species of remedy.

The other Justices concurred.