99 347,
102 493

ARTHUR H. SWARTHOUT v. ROBERT B. McKNIGHT, CIRCUIT JUDGE OF SAGINAW COUNTY.

*Justices' courts—Costs—Jury fees—Appeal—Mandamus.*

1. How. Stat. § 7003, which provides that, on appeal from a justice's judgment, the appellant shall pay to the justice the costs of the judgment, together with the sum of one dollar for making his return, and the further sum of three dollars as clerk and entry fee, requires the payment of jury fees as a condition to such appeal.

2. How. Stat. § 7019, which provides that no appeal shall be dismissed on the ground that the costs of the justice have not been paid, but in all cases the fact of a return having been made by a justice shall be conclusive evidence that such fees have been paid, relates to the fees of the justice, and not to the costs recovered by the appellee.

3. *Mandamus* will not lie to compel a circuit judge to set aside
an order for an amended return by a justice in an appeal case,
which, when made, shows that the jury fees have not been paid
by the appellant, and a subsequent order dismissing the appeal
unless such fees are paid.

*Mandamus.*   Argued February 20, 1894.   Denied March
20, 1894.

Relator applied for *mandamus* to compel respondent to
vacate an order directing an amended return on appeal
from justice's court, and an order conditionally dismissing
the appeal.   The facts are stated in the opinion.

*Swarthout & O'Keefe,* for relator.

*Bauer & Eaton,* for respondent.

MONTGOMERY, J.   Relator brought suit before Ferdinand
Goldsmith, a justice of the peace of Saginaw county,
against one Elizabeth Lucas, and was defeated. Within
the five days' allowed for appeal, relator paid the justice
the amount of costs, less the jury fees, and also paid the
fees of the justice for making return to the appeal, but
did not pay the jury fees taxed. A return to the appeal
was made by him. On December 11, 1893, an order was
made by Hon. Chauncey H. Gage, circuit judge, for an
amended return. This return was duly made, showing
the fact that the jury fees had not been paid. On the
15th of January, 1894, an order was made by Hon.
Robert B. McKnight, circuit. judge, directing that the
appeal be dismissed unless the appellant should make pay-
ment of the jury fees left unpaid. The relator now asks
for a *mandamus* directed to Judge McKnight, requiring
him to vacate the order made by Judge Gage for an
amended return, and to set aside the order conditionally
dismissing the appeal.

As to the order made by Judge Gage, no application

having been made to vacate the same, affirmative action of the present circuit judge would not be directed. But, if the question were properly raised, we think the relator has not shown himself entitled to the writ. Section 7003, How. Stat., provides that—

"The appellant shall, within the said five days, in addition to the making and filing of an affidavit and bond, pay to the justice the costs of the judgment, together with the sum of one dollar for making his return to said appeal, and the further sum of three dollars as clerk and entry fee to be paid by said justice to the clerk of the court to which said appeal is taken, * * * and no appeal shall be allowed until the foregoing conditions are complied with."

There can be no doubt that the costs which the appellant is required to pay include jury fees. How. Stat. § 9025.

But it is insisted that, the return having been made, all parties are concluded by such return, and that the order for an amended return was therefore unauthorized. Relator's counsel rely upon *Wiley v. Circuit Judge,* 29 Mich. 487, and *Stevenson v. Circuit Judge,* 44 Id. 162. In *Wiley v. Circuit Judge,* the question involved was whether the justice had waived his fee for making the return to the appeal, and it was held that his return to the order to show cause did not show that he had waived his right to the fee; but it was held, also, that he could waive the same, and that if he had so waived the payment of the fee, under section 7019, How. Stat., the return is conclusive. In *Stevenson v. Circuit Judge,* it was held that, the justice having given a receipt acknowledging the payment of his fee for making the return, the appellant could not be deprived of his appeal by a subsequent claim that such fee had not been paid. We do not think these cases rule the present. The statute (section 7019) provides that—

"No appeal shall be dismissed on the ground that the costs of the justice have not been paid, * * * but in all cases the fact of a return having been made by a justice shall be conclusive evidence of such fees having been paid."

This statute, we think, relates to the fees of the justice. It may well be held that, when he has once waived his claim to the fees, he cannot thereafter enforce their payment by recalling his return. But, as to the costs recovered by the prevailing party, other considerations obtain. The justice has no right to waive the payment of these costs. The party is concerned in their payment. The order in the present case was manifestly proper. The appellant is required, by the express terms of the statute, to pay these costs before his appeal can be taken. He was given an opportunity to do so even after the appeal was attempted, but, instead of complying with the statute, he insists that the justice, by making the return to the appeal without exacting a compliance with the statute, has relieved him of this obligation. He was required by the order of the circuit judge to correct the omission. He refuses to do so, but seeks the aid of the extraordinary writ of *mandamus* to prevent the performance by him of an obligation imposed by statute. We decline to use the writ for this purpose. The respondent is entitled to costs.

The other Justices concurred.