### Francis Palms and others v. Daniel J. Campau.

Sixty days having expired after the making of an order by the Probate Court, without appeal being taken therefrom, the Circuit Court granted a party leave to appeal with the same effect as if it had been done seasonably. Certiorari was sued out to remove to the Supreme Court the order of the Circuit Court allowing this appeal. It was held that until after adjudication upon the appeal by the Circuit Court, the proceedings could not be reviewed in the Supreme Court; and the writ was dismissed.

*Heard and decided December 6th.*

Motion by *T. Romeyn*, to dismiss a writ of certiorari.

The Judge of Probate for the county of Wayne made an order for the appointment of a guardian for Daniel Campau, as an incompetent person. After sixty days had expired from the making of this order, on a special application made to the Circuit Court under § 3636 of the Compiled Laws, that Court made an order allowing an appeal to be taken with the same effect as if it had been taken seasonably. To remove to this Court the proceedings on the granting of this order, a writ of certiorari was sued out by Palms, which it was now moved to dismiss on the grounds, among others,

1. That the order made by the Circuit Court allowing an appeal was one resting in its discretion.

2. A certiorari does not lie at this stage of the proceedings. The party claiming to be aggrieved must wait until after an adjudication upon the merits by the Circuit Court.

*A. Pond* contra, controverted these positions, and also insisted that if the writ was dismissed and the plaintiffs in error were required to join issue in the Circuit Court and proceed to a hearing on the merits, they would be precluded afterwards from taking the objection that the application made to the Circuit Court for leave to appeal did not present a case within the statute, and consequently did not confer jurisdiction upon the Circuit Court to make the order.

The COURT, remarking that a defect of jurisdiction could not be thus waived, dismissed the writ, on the ground that, before an adjudication upon the appeal by the Circuit Court, the proceedings could not be removed to this Court for review.