THE MANISTEE & NORTHEASTERN RAILROAD COMPANY v. SMITH W. FOWLER.

*Railroad companies—Condemnation proceedings—Petition—Verdict —Defective plat—Description of lands.*

1. The question whether there is any sufficient cause for resorting to condemnation proceedings is preliminary in its character, and should be settled in some separate way in advance. It involves both fact and law.
2. The proper description should be petitioned for, and left to the jury free from any questions except as to necessity of condemnation and value.
3. The failure of a plat to conform to the statutory requirements as a good one for all purposes does not prevent it from being the proper legal definition of lands by act of the parties for many, if not for most, purposes.
4. While a blank form for a verdict in condemnation proceedings which can be filled just as easily in one way as the other is not objectionable, it is error to allow the petitioner to practically draw up the desired verdict and deliver it to the jury under the sanction of the court.

*Certiorari* to probate court of Manistee county to review proceedings to condemn lands for railroad purposes. Argued October 24 and 25, 1888. Proceedings quashed January 11, 1889. The facts are stated in the opinion.

*Smith W. Fowler,* in *pro. per.,* for respondent, and petitioner in *certiorari.*

*Ramsdell & Benedict,* for petitioner, and respondent in
*certiorari.*

CAMPBELL, J.    In this case the petitioning railroad
company applied to the judge of probate of Manistee
county to have proceedings taken to condemn lands
owned by respondent, Fowler.    The hearing was appointed
for July 5, 1888, at which time certain proceedings were
had by way of demurrer and pleading in abatement, in
all of which the judge of probate decided against respond-
ent.    One of the facts considered as material was whether
the petition properly described the lands; it being claimed
that they consisted of lots and blocks, while the petition
set them out by reference merely to an original United
States subdivision.    This fact was not determined by the
court in advance of the submission to the jury, but testi-
mony was submitted, apparently, to the jury on the sub-
ject.    When they retired a verdict in blank was allowed,
against objection, to be submitted to them, which appar-
ently contained no blank but the price of the land, and
which set out several facts outside of those relating to the
condemnation; among which was a recital of the insuffi-
ciency of the plan subdividing the property, and a gen-
eral statement that petitioner was unable to agree with
respondent, because respondent asked a sum which peti-
tioner considered unreasonable, and refused to accept a
sum which petitioner, in good faith, offered as a reason-
able compensation.

There are several questions raised on the record, but it
is in such a questionable shape, and it is so difficult to
ascertain from it without explanation the exact truth con-
cerning some important inquiries, that we shall not pass
upon any more than seems necessary to dispose of the
present hearing.

The oath administered to the jury confined them to

the two questions of the necessity of taking the property and the damages. This oath is all that the statute requires them to take. The question whether there was any sufficient cause for resorting to condemnation proceedings is preliminary in its character, and should have been settled in some separate way in advance. It involves both fact and law. The respondent raised the question on the sufficiency of the petition by special demurrer, and while the allegation in the petition was possibly good, if not formally objected to, it did not set out any facts issuably, and did not conform to the requirements of the railroad law, which contemplates the statement in the petition of such facts as are jurisdictional. The nature of this attempt was made material, also, by the plea in abatement, which was overruled, and by the answer. It was in any event a jurisdictional question, which should have been settled before allowing an inquest.

The same is true in regard to the plat of the subdivision of the land. The record does not show that this was not material, and the proper description should have been petitioned for, and left to the jury free from any questions except as to necessity of condemnation and value.

Enough appears from the record to show that there was a plat, and that the petitioner had located a line across it showing where it crossed lots, blocks, and streets. The record also shows testimony concerning the value of lots separately at a much higher rate than the sum found by the jury for the land as a government parcel. It also shows, or tends to show, that respondent's title was connected with such subdivisions. As the case comes up on *certiorari*, we cannot review the facts or evidence, but it is manifest that the plat cannot be eliminated from the record questions presented.

We need hardly spend time in showing that the failure

of a plat to conform to the statutory requirements, as a good one for all purposes, does not prevent it from being the proper legal definition of lands by act of the parties for many, if not for most, purposes.

It is evident enough that justice was not done the respondent.

We should not overlook the fact that the petitioner was allowed to practically draw up the verdict. If it had been no more than a blank which could be filled just as easily one way as the other, no harm would have been done. But this verdict covered a good deal more, and the jury, after receiving it under the sanction of the court, might, and probably did, consider all but the value clause as formal.

We think the record is in such a state that the whole proceedings should be quashed, and, if desired to proceed further, there should be a new application.

The other Justices concurred.