THE TOLEDO, SAGINAW & MACKINAW RAILROAD COMPANY V. MILLIE H. CAMPAU ET AL.

[See *ante*, 31.]

*Railroad companies—Condemnation proceedings—Special questions to commissioners—Sufficiency of map.*

1. It was held in *Railroad Co. v. Campau*, *ante*, 31, that there is no authority in the law for submitting special questions to a jury in condemnation proceedings, and the same rule applies to commissioners.

2. The question whether the map and survey required to be filed to designate the route of a railroad is sufficient for the identification of the property sought to be acquired by condemnation proceedings, without the aid of other maps or information, is a jurisdictional one, to be determined by the court on the

83 MICH—3.

application for the appointment of commissioners. *Railroad Co. v. Fowler,* 73 Mich. 217.

Appeal from Saginaw. (Gage, J.) Argued October 22, 1890. Decided October 31, 1890.

Railroad condemnation proceedings. Respondents appeal from the award of the commissioners. Affirmed. The facts are stated in the opinion.

*Tarsney & Weadock,* for respondents.

*Hanchett, Stark & Hanchett,* for petitioner.

MORSE, J. Upon the petition in this case, three commissioners were appointed to pass upon the questions of necessity and damages. Four special questions were submitted to them by respondents' counsel, which were answered as follows:

"1. Is the taking of the property described in the petition under consideration necessary to be taken by the petitioner for public use?

"*A.* Yes.

"2. From the map and survey on file in the office of the register of deeds for the county of Saginaw, shown you, can you identify the property sought to be acquired by the petitioner without reference to other maps, or information furnished you?

"*A.* No.

"3. From your view of the premises sought to be taken by the petitioner, could you, when upon the ground, determine the location of the lot lines, or the particular property sought to be taken?

"*A.* We could determine the particular property sought to be taken.

"4. Is not the real purpose of the petitioner in obtaining the property under consideration for private instead of public use?

"*A.* No.

We held in the case of *Toledo, etc., R. R. Co. v.*

*Campau, ante,* 31, that there was no authority in the law for submitting special questions to the jury. The same ruling applies to commissioners.

But it is claimed that, inasmuch as the special questions were submitted and answered, such findings must be considered; that the jury found that the map and survey, which the statute provides must be filed to designate the route of the railroad, were insufficient, in that the property sought to be acquired by the petitioner could not be identified therefrom without the aid of other maps or information. It is submitted that the entire proceedings are void for this reason. It was not a proper question, however, to be determined by the commissioners, and their finding cannot be used here to show the map to have been insufficient. *Manistee, etc., R. R. Co. v. Fowler,* 73 Mich. 217 (41 N. W Rep. 261). The proper place to raise this question was before the court, on the application to appoint commissioners, as it was a jurisdictional question. It was so raised before him, and he, by appointing the commissioners, determined that the map and survey complied with the statute. No copy of the map is returned with the record to this Court, and we are therefore unable to review the decision of the circuit judge.

The proceedings must be affirmed, with costs.

The other Justices concurred.