The Battle Creek & Sturgis Railway Company and The Michigan Central Railroad Company v. Allie Tiffany, Commissioner of Highways of the Township of Athens.

99    471
153   689

*Eminent domain—Opening highway across depot grounds.*

1. Chapter 29, How. Stat., confers power upon a commissioner of highways to lay out a highway across village depot grounds, except where the concurrent use of the land will be impossible, or attended by serious inconvenience to the railroad company; and, in order to defeat this right, the company should clearly prove its intention so to use the land as to show its good faith and the incompatibility of the two uses.

2. Where a bill is filed by a railroad company to restrain a highway commissioner from opening a highway which he has laid out across complainant's depot grounds, and on the hearing it appears that the complainant was allowed $100 for its damages, and that it has no just reason to oppose the laying out

of the highway, the proceedings of the commissioner will not be reviewed.

Appeal from Calhoun. (Smith, J.) Argued February 14, 1894. Decided March 27, 1894.

Bill to enjoin the opening of a highway across complainants' premises. Complainants appeal. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Hulbert & Mechem*, for complainants.

*O. S. Clark* (*W. H. Porter*, of counsel), for defendant.

HOOKER, J. The village of Athens is a small hamlet in the township of Athens, in Calhoun county. The complainants are respectively owner and lessee of a railroad running through said village. The defendant is the highway commissioner of Athens township, and complainants' bill is filed to prevent defendant from opening a highway which he has attempted to lay out across certain lands occupied by complainants for railroad purposes, and which they assert are used for depot purposes. The plat on page 473 shows the situation, the dotted line being the proposed street. The proofs show that, after the proceedings to lay out the street were had, defendant sought to open it, and to that end forcibly removed the fence, tore down a portion of the cattle yards, and spiked planks between the rails of complainants' tracks. The fence and yards were restored by complainants, whereupon the bill was filed, and an injunction issued to prevent a threatened repetition of the destruction of complainants' property in a second attempt to open the street.

Complainants deny that the highway commissioner has power to condemn depot lands for streets, and also allege that his proceedings are void because of defects therein. Defendant maintains his authority to lay out the street,

and that the proceedings are regular.  He also asserts that equity has no jurisdiction to deal with the subject of this litigation.

It is elementary that the power to condemn land is in the State, and can be exercised only in such cases and by such methods as the Legislature may authorize; also, that land once taken for and applied to a public use is not usually subject to condemnation under general laws, but only where the power is granted by express language or necessary implication.  Again, railroads are permitted to condemn lands for their use because the use is considered a public one, and land procured for railroad purposes by purchase is as much for a public use as when it is condemned; all being upon a common footing, and not subject to a subsequent exercise of the right of eminent domain, unless authorized by an enactment of the Legislature.

It seems to be conceded that the village of Athens is small, and that the laying out of streets therein is within the duties of the highway commissioner of Athens township.  The general authority of such commissioner to lay out highways across the railroad seems undisputed.  It is conferred by How. Stat. chap. 29 (see sections 1298, 1322).  It is contended, however, that this act does not authorize the laying out of a highway across depot grounds, but limits the power to ways that cross the track between stations.  Cases are cited supporting this contention, and reference is also made to the statute which permits one railroad to condemn the land of another for crossing purposes, which act forbids the condemnation of depot grounds.  From this it is argued that it is the policy of the State to protect such grounds from condemnation by the public for any purpose.  We are not prepared to hold this argument conclusive, or that it should have any special bearing upon the construction to be given to the

highway law, though the reasons for such a restriction have some force in connection with the laying out of highways.

Chapter 29 confers the power upon the commissioner in general terms. It seems to contemplate the crossing of country roads, which would not materially interfere with the ordinary use of the railroad. From this grant of power cannot be implied an intention on the part of the Legislature to subject lands already devoted to a public use to condemnation for another use, where both uses cannot stand together, and the latter, if exercised, must supersede the former. "To defeat the attainment of an important public purpose, to which lands have already been subjected, the legislative intent must unequivocally appear." *In re City of Buffalo*, 68 N. Y. 175; *Railroad Co. v. Brownell*, 24 Id. 351; *In re Boston & A. R. R. Co.*, 53 Id. 574; *Railroad Co. v. Williamson*, 91 Id. 552; *Railway Co. v. City of Faribault*, 23 Minn. 167; *Union Depot Co. v. City of St. Paul*, 30 Id. 359; *City of Hannibal v. Railroad Co.*, 49 Mo. 480; *City of Valparaiso v. Railway Co.*, 123 Ind. 467; *Railroad Co. v. Board of Com'rs*, 57 Fed. Rep. 945. In cases where the attempt is made to lay out streets through depot grounds, yards, etc., we must hold either that the commissioner has no authority when the land is used or designed for these purposes, or that his authority depends upon the question of a joint use of the ground for the respective purposes of the railroad and the highway. The former would make it possible for the railroad company seriously to embarrass the public by long yards, while the latter raises a question of fact, in every case of attempted opening of streets across such grounds, as to the feasibility of concurrent use.

In this case the facts are that the projected street must cross three tracks. It does not interfere with any structure more permanent than cattle yards, which consist of

a series of fences merely, 6 feet high. The station grounds, as shown by the plat, are 3,200 feet long, i. e., over three-fifths of a mile, with no street crossing within that distance. It is not unreasonable that the inhabitants of a village should desire to extend its streets across such grounds, nor should they be expected to make a jog of 32 feet in the street to avoid a change in the location of cattle yards. The law requires the payment of damages to the company for the injury, and no serious consequences are to be apprehended from the change. Many, if not most, of the cases cited apply to localities where the street, if laid, would require the removal of buildings, or subject the railroad company to great expense and inconvenience, amounting to an inability to use the premises in conjunction with their use by the public as a highway. In *Railroad Co. v. Brownell, supra,* the court held that the authority to lay a highway across the track of a railroad authorized the crossing of two tracks, one of which was a side track; but it was not permitted where it crossed the sites of the station house, engine house, and turntable, because the use of the land did not admit of a concurrent use. In the case of *Railroad Co. v. Drummond,* 46 N. J. Law, 644, the slight interference with a depot platform was held not to preclude the laying out of a highway. And in the case of *Railroad Co. v. City of Philadelphia,* 9 Phila. 563, it was held that, under the general authority to lay out streets, one could be laid out through a block of ground used for depots, switch tracks, freight houses, etc.

Chapter 29 should, in our opinion, be construed as conferring the power to lay highways across village depot grounds, except where the concurrent use of the land will be impossible, or attended by serious inconvenience to the railroad company. To defeat the public right the company should clearly prove its intention so to use the land as to

show its good faith and the incompatibility of the two uses. *Railroad Co. v. Drummond, supra.*

Some irregularities are claimed in the proceedings to lay out this highway. It appears that two attempts were made, and $100 was allowed for the damage to complainants. We think that the complainants have no just reason to oppose the laying out of this highway, and are not disposed to review the proceedings upon a bill for injunction.

The decree of the circuit court will be affirmed, with costs.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred with HOOKER, J. GRANT, J., concurred in the result.