CINCINNATI, SAGINAW & MACKINAW RAILROAD CO. v.
BAY CITY & BATTLE CREEK RAILROAD CO.

| | |
|---|---|
| 106 | 473 |
| s64NW | 471 |
| 133 | 5 98 |
| 106 | 473 |
| 150 | 2670 |
| 106 | 473 |
| 153 | 3690 |

1. RAILROAD COMPANIES—EMINENT DOMAIN—SUFFICIENCY OF PETITION.

A petition by a railroad company for the condemnation of land, alleging that the petitioner has not been able to acquire title to the property, although it has tried to do so, because the owner refuses to sell the same or to set a price thereon, sufficiently shows a *bona fide* effort to obtain the property by purchase.

2. SAME—DESCRIPTION OF LAND—AMBIGUITY.

In proceedings by a railroad company to condemn for warehouse purposes land abutting on a street in which its track is located, a petition describing the premises by lot, block, and plat, and averring its said road to be adjacent and contiguous thereto, is not bad for ambiguity. The condemnation of the lots would carry with it all rights in the street attaching by reason of the ownership of the abutting property, and no others.

3. SAME—CONDEMNATION OF LAND OF ANOTHER COMPANY—JURISDICTION.

Where the petition in proceedings by one railroad company to condemn land of another company shows the property to be subject to condemnation, and no issue thereon is raised by the answer, the jurisdictional fact of the right to condemn is admitted. So *held* where the land sought to be taken abutted upon a street in which the tracks of both companies were located, and it was claimed by the respondent that the proceeding was an attempt to condemn its track and right of way.

4. SAME—PROOF OF FILING MAP.

Condemnation proceedings instituted by a railroad company are not invalidated by the failure to prove that the petitioner had filed a map and survey of its line, as required by 3 How. Stat. § 3332, where the averment of that fact in the petition was not denied by the answer.

5. SAME—AWARD OF DAMAGES.

Where the commissioners in condemnation are unable to apportion the damages among the several respondents, an award in gross, subject to apportionment by the court, is proper under 1 How. Stat. § 3338, providing that, in case of doubt as to whom the money belongs, the court may direct the same to be paid into court, and may determine who is entitled thereto.

Appeal from Bay; Maxwell, J. Submitted June 14, 1895. Decided September 27, 1895.

Condemnation proceedings by the Cincinnati, Saginaw & Mackinaw Railroad Company against the Bay City & Battle Creek Railroad Company, the Michigan Central Railroad Company, and the Metropolitan Trust Company. Respondents appeal from the award of the commissioners. Affirmed.

*Hatch & Cooley (Henry Russel* and *N. E. Slaymaker,* of counsel), for appellants.

*L. C. Stanley (Shepard & Lyon* and *E. W. Meddaugh,* of counsel), for appellee.

HOOKER, J. Lots 3, 4, 5, 6, 7, 8, and the southerly $12\frac{1}{2}$ feet (the same width front and rear) of lot 2, block 11, plat of Lake City, now part of West Bay City, abut upon the east side of Williams street. The petitioner's railroad,—*i. e.,* the Cincinnati, Saginaw & Mackinaw Railroad Company,—is alleged to be located and in operation, being laid through Williams street, and said lots are adjacent and contiguous to said railroad, and petitioner seeks to condemn the lots mentioned for the purpose of a warehouse. From the award in favor of the petitioner, the defendants have appealed.

The Toledo, Saginaw & Mackinaw Railroad Company was organized in June, 1887. Its map, on file, designates a route along Williams street. In February, 1888, the Battle Creek & Bay City Railroad Company was organized, and in November, 1888, it obtained the passage of an ordinance by the common council of West Bay City granting the privilege of laying a track in Williams street, subject to the control of the council, and subject also to the privilege of subsequent railroad companies to use said track on certain terms, and it laid the track accordingly. This track was laid along the center of Williams street, and it is claimed that a side track was

laid east of said main track, and in December, 1888, the
Battle Creek & Bay City Railroad Company bought the
lots mentioned for the purpose of station buildings.    It
is claimed by petitioner that this was in pursuance of an
arrangement or understanding between the officers of the
two roads mentioned to have station grounds in common,
and that the Toledo, Saginaw & Mackinaw Railroad Com-
pany bought lands adjoining upon both sides.    In April,
1889, an ordinance was passed authorizing the Toledo,
Saginaw & Mackinaw Railroad Company to lay its track
upon Williams street, and it tore up the existing track,
and new tracks were laid in or near the center of the
street and towards the east side.    Petitioner contends
that there was but one track there at the time this was
done.    This left the west side of the street open, and is
said to have avoided a crossing of tracks, which would
have resulted had the road been built on the west side
of the Battle Creek & Bay City Railroad tracks.    In
December, 1889, the Toledo, Saginaw & Mackinaw Rail-
road Company was reorganized under the name of the
Cincinnati, Saginaw & Mackinaw Railroad Company,
and in February, 1890, the Battle Creek & Bay City Rail-
road Company, having been reorganized as the Bay City
& Battle Creek Railroad Company, passed, with its road,
to the Michigan Central Railroad Company, which pur-
chased its stock.    Meantime the Cincinnati, Saginaw &
Mackinaw appears to have been operating its road and
using its tracks in Williams street, while it is claimed
that the defendants never used said street for the pur-
pose of running trains; and in September, 1894, these pro-
ceedings were instituted by the Cincinnati, Saginaw &
Mackinaw Railroad Company to condemn the lots in
question, as stated.

Counsel for the defendants raise several questions,
which they assert to be jurisdictional:

1. That the petition does not contain a sufficient alle-
gation of inability to purchase.

2. That it appears that this is an attempt to condemn the property of another railway under circumstances unauthorized by statute.

3. That this last was a preliminary question, which should have been settled before entering upon the question of damages.

The following other points are made against the proceeding:

4. That the description of the land in the petition is ambiguous.

5. That petitioner did not prove that it had filed the map and survey required by statute.

6. That the award is void for the reason that it attempted to give damages for the use of the street, and thereby, impliedly, to condemn it.

7. That there was no evidence that there was a necessity for taking the street.

8. That there was no evidence of the value of the lots, except as depreciated by the existing road of petitioner.

9. That the damages were not apportioned among the defendants.

A *bona fide* effort to obtain the property by purchase is necessary, and the petition should show this. *Toledo, etc., R. Co.* v. *Detroit, etc., R. Co.*, 62 Mich. 576, and cases cited. This appears from the petition, which alleges that the "petitioner has not been able to acquire title to said lots and property, although it has tried to do so, for the reason that the Bay City & Battle Creek Railroad Company, the owner thereof, and the Michigan Central Railroad Company decline and refuse to sell the same to your petitioner, or to set a price thereon." *Grand Rapids, etc., R. Co.* v. *Weiden*, 69 Mich. 572, 70 Mich. 390.

The description in the petition is, in our opinion, free from ambiguity. Counsel for the defendants assert that it describes no rights in the street, and this is certainly true, except as to such rights in streets as are usually held to be conveyed when a lot is described by number, block, and plat. The description is the same as that by which the lots were purchased, and, if defendants ac-

quired any other or further rights in the street in any
other way, they are not included by such description, no
matter what petitioner's counsel may claim about it.
The property condemned is described in the same way,
and the award of damages, which seems to be the founda-
tion for this contention, does not purport to include dam-
ages for condemnation of the street, though it attempts
to cover any damages which defendants may be entitled
to, as abutting proprietors, for previous use of the street.
The condemnation of the lots would carry with it all
right to the lots and to the appurtenances belonging
thereto by reason of their abuttal upon the street, and
if the commissioners have added to the value of these,
damages for the previous use of the highway, the de-
fendants would not be sufferers thereby.   If the defend-
ants had any other rights in the street, they do not
appear to have been reached by this proceeding, which
does not proceed on any such theory, but on the claim
that the petitioner had the right and possession to that
portion of the street already.

The next question arises over the right to condemn
this property.  It is said that this was a preliminary ques-
tion; that the court should have determined the question
of its necessity to the operation of the defendants' rail-
road before calling commissioners; and that this question
should have gone to a jury.   In substance, this conten-
tion is that this property is not subject to condemnation
in this proceeding because it is a condemnation of the
track; that the commissioners can only determine the
questions of necessity for the purposes of petitioner, and
value, and not whether this property is subject to con-
demnation, which is a jurisdictional question of fact.   If
the petition shows it to be subject to these proceedings,
and the answer raises no issue of fact upon it, the juris-
diction is admitted.   If it raises an issue of law, the court
should determine it; if an issue of fact, that must be
settled at some stage of the proceeding.   Whether this

answer tenders such issue of fact, and, if so, whether it must be determined in advance and not later, are the questions here. Apparently, the court determined that there was no issue of fact upon this subject, and that the property was subject to condemnation. The petition prays the appointment of commissioners. Whether granted or not depends upon the existence of proper subject-matter. If the land sought to be condemned is exempt, there is no occasion for the appointment of commissioners. The defendants claim that it is, and unless from the admitted or uncontroverted facts, deducible from the petition and answer, it can be said that it is not exempt, the circuit judge was in error. *Manistee, etc., R. Co.* v. *Fowler,* 73 Mich. 217; *Toledo, etc., R. Co.* v. *Campau,* 83 Mich. 35. Section 3331, 3 How. Stat., subjects railroad property to condemnation, excepting (under some circumstances) the track and right of way. The argument is made that this is an attempt to condemn the track and right of way, and, if this appeared from the petition and answer, it might be necessary to try the question. But it does not, and we think the circuit judge was right in declining to allow the question to be raised.

We think the failure to prove that petitioner had filed a map or survey of its line should not invalidate these proceedings. It was not a necessary subject of inquiry, no issue being raised upon it. The petition alleged the filing of such map and the certificate of location.

The award states that the commissioners were unable to apportion the amount among the defendants. It found the ownership of the property to be in the Bay City & Battle Creek Railroad Company, and that the Michigan Central Railroad Company had possession and control of said Bay City & Battle Creek Railroad Company, and all of its property, as owner, and that the Metropolitan Trust Company had a mortgage upon the franchises, line, and real estate to the amount of $250,000. The award shows that

the commissioners had doubts about the division, and therefore determined the gross amount, subject to be apportioned by the court. This was proper, under 1 How. Stat. § 3338.

We think that the proceedings should be affirmed, with costs.

The other Justices concurred.