PEOPLE *v.* THOMPSON.[1]

CERTIORARI—WHEN LIES.

    *Certiorari* will not lie to review the action of the circuit court in refusing to quash an indictment found by a grand jury, prior to the final disposition of the case in the lower court.

Application by Thomas M. Thompson for a writ of *certiorari* to review the action of Joseph W. Donovan, circuit judge of Wayne county, in refusing to quash an indictment. Submitted February 26, 1896. Writ denied March 11, 1896.

*Otto Kirchner*, for petitioner.

MONTGOMERY, J. This is an application for a writ of *certiorari* to review the action of the circuit court refusing to quash an indictment found against the respondent by a grand jury. No trial has yet been had. The question suggests itself whether the court should interpose at this stage by a writ of *certiorari*, and arrest the proceedings by a writ upon which a final judgment cannot be given if the action of the circuit court is upheld. In the early case of *Palms* v. *Campau*, 11 Mich. 109, it was held that the writ of *certiorari* ought not to be so employed. It is true that under peculiar circumstances such a writ was issued in *People* v. *Lauder*, 82 Mich. 109. But at page 126 it was said by Mr. Justice MORSE:

    "We are not willing that this shall be made a precedent in other cases for the use of the writs of *mandamus* or *certiorari* to decide matters arising upon motions to quash, or the issue joined in pleas of abatement to the indictments or informations in criminal cases. Usually such questions must come before us, on writ of error or *certiorari*, after trial and judgment."

[1] Rehearing denied October 6, 1896.

We have recently, in a number of cases, refused to grant writs of *mandamus* or *certiorari* to review the action of courts in refusing to quash informations. The practice ought to be uniform, and we think the petitioner should be left to the customary remedy.

The other Justices concurred.