MEADS v. BELT COPPER MINES.

CERTIORARI — WHEN ISSUES — REVIEW OF INTERLOCUTORY ORDER.
*1. The writ of *certiorari* is not one of right, but is addressed to the sound discretion of the court.
2. Where no injustice can result from the action of the court below, and final judgment can protect the relator's legal rights, the writ will not be granted to review an interlocutory order.

*Certiorari* to Ontonagon; Haire, J. Submitted November 13, 1900. Decided December 31, 1900.

Attachment proceedings by Alfred Meads against the Belt Copper Mines, Limited. From an order setting aside a default judgment, plaintiff brings *certiorari*. Writ dismissed.

The relator brought suit by attachment against the Belt Copper Mines, Limited, a foreign corporation existing under the laws of the kingdom of Great Britain and Ireland. The sheriff, under the writ, levied upon the lands of said corporation situated in the county of Ontonagon, Mich. He was unable to find any officer of the corporation on whom to make service, and thereupon plaintiff caused notice of the issue of said attachment to be published in a newspaper in accordance with the statute. After such due publication, he filed his declaration and entered defendant's default. Thereupon James Mercer, R. R. Goodell, Linus Stannard, and R. Chynoweth executed to the sheriff a bond in the amount of $12,000, reciting the suit and the levy thereunder, and that "the persons in possession of said lands wish to release the same from said levy in accordance with the statute in such case made and provided, namely, sections 7998 and 7999 of the second volume of Howell's Annotated Statutes." The condition

*Head-notes by GRANT, J.

of the bond was to pay any judgment which may be recovered by said plaintiff in said suit within 60 days after it shall be rendered. The above-named parties to the execution of said bond filed a petition in the suit, reciting the proceedings theretofore had, and prayed that they might be permitted to appear and defend the suit to the same extent as though they were made defendants therein, that the default might be set aside, and that they might be permitted to plead. The petition contains the following statement:

"That at the time of the issuing of said writ of attachment, and at the time of the levying the same upon said lands, your petitioner Rufus R. Goodell was interested in said lands as a purchaser thereof, the rights and title purchased by him having been acquired by virtue of a mortgage sale of the same, made under a mortgage theretofore given by the said Belt Copper Mines, Limited; that the attachment levied on said lands constituted a cloud on the title, and was claimed to create a lien on the premises, affecting the rights and title of the above-named petitioners; and that to remove said cloud, and to relieve said land from said claimed lien, the said petitioners, at the special instance of the said Rufus R. Goodell, executed and delivered to the said sheriff a bond for the release of said attachment, pursuant to the statute in such case made and provided, and conditioned, according to the terms of said statute, for the payment of any judgment that might be recovered in said action.

" Your petitioners further show that the said defendant, the Belt Copper Mines, Limited, was a corporation organized under the laws of England; that long prior to the commencement of said action the said corporation went into voluntary liquidation, under the laws of England, and was, pursuant to said laws, dissolved, and its corporate existence wholly terminated, so that long prior to said action the said corporation was not in existence, and could not, and cannot now, appear in said cause, or in any manner defend the same, having no officers, agents, or attorneys to represent it, and no existence or power remaining by which or under which any defense can be interposed in said action on behalf of the defendant named therein; that nevertheless your petitioners, by reason of the said bond, may become liable to the said plaintiff for the payment of

any judgment which may be rendered in said action in favor of said plaintiff, and under said order of default. And your petitioners further show that there exists a good and meritorious defense to the claim of the said plaintiff, which ought to be interposed therein for the purpose of protecting your petitioners against any unjust liability under the said bond."

To this petition, relator demurred. The demurrer was overruled, the default set aside, and the parties permitted to appear. There being no circuit court commissioner in the county of Ontonagon, relator applied and obtained allowance of the writ of *certiorari* to this court from the circuit court commissioner of Houghton county. Defendants now move to dismiss the writ.

*Chadbourne & Rees*, for the motion.

*Moore & Moore* (*William R. Adams*, of counsel), *contra*.

GRANT, J. (*after stating the facts*). Several objections are made to the allowance of this writ. We need to determine but one. Relator having demurred to the petition of the parties to appear and defend the suit, he has admitted all the allegations in the petition to be true. The petition expressly states that Mr. Goodell has acquired title to the lands by virtue of the mortgage sale; that the condition of the company is such as to prevent any appearance upon its part, or the interposition of any defense; and that there is a just and meritorious defense to the action. If the purchaser of the land cannot appear, no defense to the action can be interposed. We are not prepared to say that a purchaser at a foreclosure sale, even before the right of redemption by *bona fide* creditors has expired, should not be allowed to appear and defend an action brought against the mortgagor. It may be true, under the authorities cited by relator, that the purchaser might resort to a suit in chancery. It is, however, unnecessary to decide that question. The writ of *certiorari* is not one of right, but one that is addressed to the sound

discretion of the court. It should not be used to defeat justice. If the relator has an honest claim, he need not fear the result. If his claim is not founded in justice, this writ should not be interposed to assist him. No injustice can be accomplished by the interposition of the purchaser of the land, who is as much entitled to it as is the relator. The judgment will protect the legal rights of all.

Besides, this is an interlocutory order. It is not a final judgment. *Quære :* Is it such an order that the writ of *certiorari* may be invoked to review it?

The motion is granted, and the writ dismissed.

The other Justices concurred.