PERE MARQUETTE RAILROAD CO. *v.* UNITED STATES GYPSUM CO.

CERTIORARI—MANDAMUS—PROPRIETY—FINAL ORDER—CONDEMNATION PROCEEDINGS—APPEAL FROM PROBATE COURT.

> The probate court having dismissed a petition by a railroad company to condemn lands, on the ground that they were wanted for a private, rather than a public, purpose, petitioner took an appeal to the circuit court, where the same issue was tried, resulting in a reversal of the order of the probate court, and an order that the case stand for trial in the circuit court, before a jury, on the merits. On application for certiorari to review the action of the circuit court, *held*, that inasmuch as the railroad company would be entitled to take possession pending appeal, which course might result in irreparable injury to respondent if it should be finally determined that the taking was for a private purpose, the remedy by appeal is not adequate, and an order to show cause why mandamus should not issue, accompanied by a stay of proceedings, should be granted. McAlvay, C. J., and Blair and Ostrander, JJ., dissenting on the ground that certiorari is the proper remedy.

Condemnation proceedings by the Pere Marquette Railroad Company against the United States Gypsum Company, the American Trust & Savings Bank, and the German American Bank. The petition was dismissed in the probate court, and petitioner appealed to the circuit court. There was an order reversing the action of the probate court, and ordering the case to proceed in the circuit court on the merits: On motion for a writ of certiorari to review the order of the circuit judge. Submitted April 30, 1907. (Calendar No. 22,286.) Order to show cause granted May 9, 1907, returnable June 4, 1907.

*Butterfield & Keeney,* for the motion.

*Stevens, McPherson & Bills (Charles E. Ward,* of counsel), contra.

McAlvay, C. J.  On a petition by the Pere Marquette Railroad Company to the probate court of Kent county to condemn certain lands an issue was made upon the answer of these respondents, the United States Gypsum Company, American Trust & Savings Bank, and German American Bank, that the proceeding was to condemn lands for a private, and not a public, purpose. A preliminary hearing was had and proofs taken upon this issue. The probate judge found that the purpose for which the land was to be condemned was a private purpose, and made an order dismissing the petition. Petitioner then took an appeal from this order to the circuit court, under the general statute allowing appeals from probate court. Section 669, 1 Comp. Laws. The same issue was tried in the circuit court for Kent county upon said appeal, and the circuit court made an order reversing the action of the probate court, and overruling all the objections of respondents and their motion contained in the answer to dismiss the petition, and ordered the case to proceed to a hearing in said circuit court, before a jury, on the merits. Respondents appeared in both courts specially upon the questions of the jurisdiction of said

courts. They apply for a writ of certiorari, claiming that the court erred in overruling the order of the probate court; that the remedy to review said order was by mandamus or certiorari to this court, and not by appeal; and that, if an appeal could be entertained by the circuit court, its jurisdiction on said appeal would extend no further than to dispose of the question passed upon by the probate court. Both parties have filed briefs upon this application.

Upon this preliminary motion the only question to be determined is whether the writ should issue. The policy of this court since the case of *People* v. *Thompson*, 108 Mich. 583, both in civil and criminal cases, has been to refuse to hear upon certiorari questions which may be raised upon a final hearing before it, after a full hearing in the trial court, and this rule has been applied in condemnation proceedings, and will be adhered to when applicable. Upon this application, it appears that the circuit court obtained jurisdiction upon an appeal under the statute mentioned, which is not the appeal provided for in cases of condemnation of lands, and the right to such appeal is claimed upon the authority of *Defoe* v. *Bay Circuit Judge*, 116 Mich. 567. The entire case was not taken by this appeal to the circuit court. A question had been raised and an issue made before the probate court that the taking sought was for a private, and not a public, purpose. The probate court so held and dismissed the petition. From this order alone an appeal was taken, and the same issue was tried in the circuit court. It was a question of law to be found by the court upon the facts presented upon a preliminary hearing. The jurisdiction of the circuit court was invoked in its appellate capacity, and it could only affirm or reverse the order of the probate court, and, having reversed such order, the only authority it had under this statute regulating these appeals from probate court was to include in such order of reversal an order remitting the matter to the probate court for further proceedings. It is not questioned by any

member of this court but that such order should have been made, and that certiorari would lie to this court from that order. The circuit court did not do this, but ordered the case to proceed to a hearing before a jury upon its merits. It is contended that this thereby became an interlocutory and not a final order, and that under the decisions of this court neither certiorari nor mandamus will lie. This will be admitted if the order is interlocutory, but we insist that, because the circuit court saw fit to make this order in the form in which it was made and proposes to conduct the condemnation proceedings, it cannot change the nature of the order and make it other than in fact and law it actually is, and thereby deprive respondents of rights they have under the law governing these appeals. The circuit court now assumes original jurisdiction over a cause in which it never has had, or acquired, such jurisdiction. It is not necessary to follow the argument that at the determination of the case after the necessity for taking and the award have both been found by the jury the respondents may appeal to this court, and perhaps in connection with such appeal take a writ of certiorari and save the questions raised.

Keeping in mind the distinction between the question of *public purpose*, which is one of law for the court, and the question of *public necessity*, which is one of fact for the jury, it is sufficient answer to say that the question raised on the appeal was a question of law heard and determined by an appellate court of competent jurisdiction, and whether respondents proceed and participate in the trial upon the merits, or whether they refuse to have anything further to do with such proceedings, if no review is had of the determination of the circuit court upon that question, it becomes the law of this case. If the order made had remitted the case to the probate court for further proceedings, and no writ of certiorari had been asked to review it, no one questions but that respondents would have been concluded by it. The same situation is presented by the order that was made, and the same reason-

ing applies to it. The fact that the case might have been begun in the circuit court, as well as in the probate court is of no consequence. It was not begun there, and that court never had original jurisdiction, and the fact that it assumes such jurisdiction and proposes to conduct these proceedings ought not to prevent the issuance of the writ prayed for. The order of the circuit court must be considered a final order reversing the order of the probate court in proceedings not after the course of the common law and reviewable upon a writ of certiorari.

The writ should be granted.

BLAIR, J., concurred with McALVAY, C. J.

OSTRANDER, J. If this court is to at all interfere in the matter at this time, I am of opinion that certiorari, and not mandamus, is the appropriate remedy.

CARPENTER, J. I do not think that the remedy afforded by a review of the order condemning the lands of the gypsum company is adequate to redress the grievances complained of in this application. The statute (section 6248, 2 Comp. Laws) authorizes the railroad company, after it has recorded in the office of the register of deeds a certified copy of the order of condemnation and paid the compensation awarded, " to take possession of and use " the land condemned. It is my understanding—and, if I am wrong in this, then my conclusion is wrong—that a review of the final order of condemnation will not affect the right of the railroad company to the possession above given. In other words, the railroad company may, pending the review of the final order in this court, take possession of and use the condemned land. It follows that a determination then made by this court that the railroad company is taking the land condemned for a private purpose will not be made until after the land has actually been taken and used and the rights of the landowner seriously interfered with. That remedy is, therefore, in my judgment, entirely inadequate.

I think this case distinguished by the circumstances above set forth from the cases in which we have refused to interfere by certiorari or mandamus before final judgment. I think we should review these proceedings by mandamus, and that an order to show cause, accompanied by an order staying proceedings, should at once issue.

MONTGOMERY and MOORE, JJ., concurred with CARPENTER, J.

HOOKER, J. I am of the opinion that the order of the probate court dismissing this proceeding was perhaps an appealable order under 1 Comp. Laws, § 669, as interpreted in the case of *Defoe* v. *Bay Circuit Judge*, 116 Mich. 568. I am also of the opinion that, if so, such appeal may not have authorized a trial of the case upon the merits in the circuit court, and that, after reaching the conclusion that the probate judge erred, he should have made an order reversing his decision and remanding the cause for further proceedings. Had he done so, that would have been a final order, and might perhaps have been reviewable here on certiorari.

He did not make such an order, but treated the cause as one removed to the circuit court and triable there de novo upon the merits. He made a determination of what counsel call a "preliminary question of law," as to the proposed public use, upon new proof taken before him and directed the calling of a jury to try the merits, and I understand that the jury will be in court for the purpose on Monday, May 6th, to proceed in the case. So far from rendering what he understood to be a final order, he rendered only an interlocutory one, if it can be said to be even that. There is room for the suggestion that it was thought to be the mere passing on a question of fact in the process of the trial. But, whichever we may call it, it was interlocutory in its nature, and certiorari does not lie in such a case. See the following Michigan cases:

*Palms* v. *Campau*, 11 Mich. 109; *Wiley* v. *Allegan Circuit Judge*, 29 Mich. 491; *Detroit, etc., R. Co.* v. *Backus*, 48 Mich. 582; *People* v. *Thompson*, 108 Mich. 583; *Culver* v. *Travis*, 108 Mich. 640; *Maynard* v. *Ingham Circuit Judge*, 124 Mich. 465; *Meads* v. *Belt Copper Mines*, 125 Mich. 456; 3 Am. & Eng. Enc. Law (1st Ed.), p. 64, and cases cited; 6 Cyc. pp. 736, 755, and cases cited; 7 Current Law, p. 611, and notes; 4 Enc. Pl. & Pr. pp. 9, 44, and 45.

In view, however, of the fact that the law is said to permit the taking of immediate possession of condemned land on payment, and pending an appeal, and the showing that serious and irreparable injury would result, it is possible that relief can be afforded by mandamus, although the cases are exceptional where such writ can be used to review interlocutory orders. I therefore suggest and consent to an order to show cause (reserving, however, the question of the propriety of such writ), thinking that the proceedings had before the circuit court may be treated as equivalent to a motion to vacate the order and a denial thereof. A stay of proceedings should accompany the order to show cause.