UNITED STATES GYPSUM CO. *v.* KENT CIRCUIT JUDGE.

EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—APPEAL—RIGHT.
Section 669, 1 Comp. Laws, does not provide for an appeal to the circuit court, in condemnation proceedings, from any order or determination of the probate court or the judge thereof, nor is such an appeal authorized by any other provision of law.

Mandamus by the United States Gypsum Company and others to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order setting aside certain condemnation proceedings. Submitted June 4, 1907; reargued November 11, 1907. (Calendar No. 22,286.) Writ granted January 31, 1908.

*Butterfield & Keeney*, for relator.

*Stevens, McPherson & Bills* (*Charles E. Ward*, of counsel), for respondent.

OSTRANDER, J. The Pere Marquette Railroad Company proceeded in the probate court for the county of Kent to condemn certain lands for a right of way. To the petition an answer was filed by relators, by which the sufficiency of various averments of the petition is challenged as well as the truth of some of them, and, among others, an issue of fact was made, the substance and effect of which is sufficiently indicated by the following quotation from the answer:

"In further defense of this action, we allege that this court has no jurisdiction to entertain this proceeding because the same is not in fact instituted at the instance of said Pere Marquette Railroad Company, nor for or on its account, nor in order to take or condemn the lands therein described for the public use; but that said proceeding is instituted at the instance of William F. Dummer, and

for his account, and in order to take and condemn said lands for his private and individual use and benefit."

There was a preliminary hearing before the probate judge, at which testimony was introduced, resulting in an order with recitals and a conclusion, here set out:

"The court finds, as a matter of fact, from the evidence in the cause, that this condemnation proceeding was instituted in pursuance of a contract in writing dated September 23, 1905, made between said Pere Marquette Railroad Company and said William F. Dummer, wherein and whereby it is contemplated that the property described in the petition be taken and condemned in the name of said Pere Marquette Railroad Company for the use and benefit of said William F. Dummer, and upon the considerations in said contract expressed; and the court also finds that it is not sought to take or condemn said property for the public use, but for the private use of said William F. Dummer.

"And this court being of opinion that it has, under the Constitution and laws of this State, no jurisdiction or authority to entertain proceedings for such purpose:

"It is, therefore, ordered, adjudged and decreed that this court has no jurisdiction over the lands of said United States Gypsum Company to condemn the same on the petition of said Pere Marquette Railroad Company; that it is without power or authority to take any further proceedings herein; and that said petition be and the same is hereby dismissed out of this court."

The petitioner, the railroad company, claimed and took an appeal to the circuit court under the provisions of 1 Comp. Laws, § 669. In the circuit court, testimony was introduced and a finding was made that sufficient cause had not been shown against granting the prayer of petitioner and the opinion of the court, first expressed, was, that the order of the probate court should be reversed, an order in accordance with the finding entered, and the record remanded. Later, after hearing counsel, the court being of opinion that respondents had waived the right to object to the exercise of appellate jurisdiction, an order was made that the proceedings be continued in the circuit court before a jury. Thereupon relators applied to this

court for a writ of certiorari to review the action of the circuit court, asserting, among other things, that the circuit court had no jurisdiction to entertain the appeal. Instead of granting the writ, an order to show cause was made. *Pere Marquette R. Co.* v. *United States Gypsum Co.*, 148 Mich. 308. In obedience to that order, the record of the proceedings and a transcript of the testimony taken have been returned here.

It is provided by statute, 2 Comp. Laws, § 6245, that—

"All persons whose estate or interest are to be affected by the proceedings may show cause against the prayer of the petition, and may disprove any of the facts alleged therein; and said court or judge shall hear the proofs and allegations of the parties; and if no sufficient cause is shown against granting the prayer of the petition, said court or judge shall make an order appointing three disinterested and competent freeholders as commissioners to ascertain and determine the necessity for taking such lands, * * * and to appraise and determine damages or compensation to be allowed to the owners," etc.

It is a necessary consequence of applying this statute that if sufficient cause is shown why commissioners should not be appointed, an order appointing them should be refused. The statute does not point out the procedure and it does not in terms provide for a review of such determination as shall be made. The subjects and the scope of this preliminary hearing and the effect of the decision made therein have not been, generally, discussed or determined by this court. It was said in *Manistee, etc., R. Co.* v. *Fowler*, 73 Mich. 217, 219, a case brought here by certiorari, that—

"The question whether there was any sufficient cause for resorting to condemnation proceedings is preliminary in its character, and should have been settled in some separate way in advance. It involves both fact and law."

In *Cincinnati, etc., R. Co.* v. *Bay City, etc., R. Co.*, 106 Mich. 473, 477, which case came here on appeal, it was said:

"The next question arises over the right to condemn

this property. It is said that this was a preliminary question; that the court should have determined the question of its necessity to the operation of the defendants' railroad before calling commissioners; and that this question should have gone to a jury. In substance, this contention is that this property is not subject to condemnation in this proceeding because it is a condemnation of the track; that the commissioners can only determine the questions of necessity for the purposes of petitioner, and value, and not whether this property is subject to condemnation, which is a jurisdictional question of fact. If the petition shows it to be subject to these proceedings, and the answer raises no issue of fact upon it, the jurisdiction is admitted. If it raises an issue of law, the court should determine it; if an issue of fact, that must be settled at some stage of the proceeding. Whether this answer tenders such issue of fact, and, if so, whether it must be determined in advance and not later, are the questions here. Apparently, the court determined that there was no issue of fact upon this subject, and that the property was subject to condemnation. The petition prays the appointment of commissioners. Whether granted or not depends upon the existence of proper subject-matter. If the land sought to be condemned is exempt, there is no occasion for the appointment of commissioners. The defendants claim that it is, and unless, from the admitted or uncontroverted facts deducible from the petition and answer, it can be said that it is not exempt, the circuit judge was in error. *Manistee, etc., R. Co.* v. *Fowler,* 73 Mich. 217; *Toledo, etc., R. Co.* v. *Campau,* 83 Mich. 35. Section 3331, 3 How. Stat., subjects railroad property to condemnation, excepting ( under some circumstances) the track and right of way. The argument is made that this is an attempt to condemn the track and right of way, and, if this appeared from the petition and answer, it might be necessary to try the question. But it does not, and we think the circuit judge was right in declining to allow the question to be raised."

See, also, *Toledo, etc., R. Co.* v. *Campau,* 83 Mich. 33. If preliminary objections are overruled and an order appointing commissioners or a jury is made, jurisdictional questions are by the settled practice freely reviewed in certiorari proceedings, seasonably instituted, and, if the proceeding is concluded by an appraisal or by the re-

port of a jury, upon the appeal allowed by 2 Comp. Laws, § 6248, to either party to the proceeding. See *Toledo, etc., R. Co.* v. *Munson,* 57 Mich. 42; *Clay* v. *Improvement Co.,* 34 Mich. 204; *Ryerson* v. *Brown,* 35 Mich. 333; *Port Huron, etc., R. Co.* v. *Voorheis,* 50 Mich. 506; *Flint, etc., R. Co.* v. *Detroit, etc., R. Co.,* 64 Mich. 350; *Toledo, etc., R. Co.* v. *Detroit, etc., R. Co.,* 62 Mich. 564; *Board of Health* v. *Van Hoesen,* 87 Mich. 533 (14 L. R. A. 114); *Detroit, etc., R. Co.* v. *Campbell,* 140 Mich. 384; *Detroit, etc., R. Co.* v. *Hall,* 133 Mich. 302; *Saginaw, etc., R. Co.* v. *Bordner,* 108 Mich. 236; *Toledo, etc., R. Co.* v. *East Saginaw, etc., R. Co.,* 72 Mich. 206.

An order refusing the prayer of the petition was reviewed in mandamus proceedings in *Berrien Springs Water-Power Co.* v. *Berrien Circuit Judge,* 133 Mich. 48, and in certiorari proceedings in *Board of Health* v. *Van Hoesen,* 87 Mich. 533. In *Detroit United Ry.* v. *Oakland Circuit Judge,* 146 Mich. 540, we declined to review such an order in mandamus proceedings; the cause was later brought here by writ of certiorari. *Detroit United Ry.* v. *Barnes Paper Co.,* 149 Mich. 675. In each of these cases, the questions presented depended for solution upon no controverted facts.

The single question presented here is: Does 1 Comp. Laws, § 669, permit an appeal in such cases from the probate to the circuit court? It is said the question was answered in the affirmative in *Defoe* v. *Bay Circuit Judge,* 116 Mich. 567. It is the general rule that unless the statute expressly gives an appeal there is no appeal, nor can a review be had by writ of error, in special or extraordinary proceedings, not according to the course of the common law. *Lorimer* v. *Wayne Circuit Judge,* 116 Mich. 682; *Cross* v. *People,* 8 Mich. 113; *Smith* v. *Superintendents of the Poor,* 34 Mich. 58; *Auditor General* v. *Pullman Palace Car Co.,* 34 Mich. 59; *Detroit, etc., R. Co.* v. *Hall,* 133 Mich. 302; *Boyne City, etc., R. Co.* v. *Anderson,* 146 Mich. 328 (8 L. R. A.

[N. S.] 306); *Sparrow* v. *Ingham Circuit Judge*, 109 Mich. 272. Proceedings to condemn land are special and summary in character and, while subject to judicial review and supervision for certain purposes, are not judicial proceedings. *Toledo, etc., R. Co.* v. *Dunlap*, 47 Mich. 456, 462; *Michigan, etc., R. Co.* v. *Monroe Circuit Judge*, 144 Mich. 44. It has been the uniform practice not to interfere upon the statutory appeal to this court with the determination made by a jury in condemnation proceedings, if such determination is supported by competent testimony. *Detroit, etc., R. Co.* v. *Campbell*, 140 Mich. 384; *Saginaw, etc., R. Co.* v. *Bordner*, 108 Mich. 236; *Detroit, etc., R. Co.* v. *Hall*, supra. The fact that the jury is a constitutional tribunal does not furnish a reason for saying that the same rule should not be applied in considering the findings made by the judge upon the preliminary investigation. The jurisdiction of the probate court in condemnation proceedings is not a part of the ordinary and general jurisdiction of that court. It is no other or different than that conferred, in the same statute, upon the circuit courts. The right of appeal given by 1 Comp. Laws, § 669, does not depend upon the finality of the order appealed from (*Holbrook* v. *Cook*, 5 Mich. 225), but upon the assertion by one party or the other that he is aggrieved by the order appealed from. No good reason is apparent for permitting an appeal by one party to condemnation proceedings and denying the right to the other party. The summary character of the proceedings is at once destroyed when such a practice is permitted. Neither is it possible to separate section 669 from its context, or to consider the appeal provided for apart from the forms and practice there indicated. There is employed in the opinion in the *Defoe Case*, supra, language which indicates a purpose to distinguish the particular question presented upon the ground that the disposition of the fund which was in the hands of the court ought of right to be

made according to the rules of the common law and not summarily, and that the court did not intend an invasion or limitation of the general rule which is above stated. There is, however, reasoning used which in my judgment warranted the petitioner here in assuming the case to be authority for its appeal. It is a matter of practice and not a rule of property which is involved. I have learned of no other instance in which it has been assumed that such an appeal was warranted, and as the *Defoe Case* is, in my judgment, out of line with other decisions of this court, some of which have been cited, and is opposed to the proper controlling rule, it should be overruled. It must be held that no appeal lies to the circuit court in condemnation proceedings from any order or determination of the probate court or the judge thereof. It follows that the circuit court for Kent county had no jurisdiction to entertain the appeal. We have examined and decide adversely to petitioner the contention that jurisdiction of the circuit court should be predicated of the action of the landowner. Appellate jurisdiction was asserted by that court and such jurisdiction cannot be conferred by consent. The order and determination of the circuit court in the premises must be vacated with a direction to remand the record and proceeding to the probate court. For this purpose, the writ of mandamus will be granted.

In view of the circumstances disclosed, and the fact that the time for applying for a common-law writ of certiorari has expired, we think it proper to say that, if it is so advised, petitioner may now, upon motion and upon the record now in this court, have the writ to review the action of the probate court.

GRANT, C. J., and BLAIR, MONTGOMERY, HOOKER, CARPENTER, and MCALVAY, JJ., concurred. MOORE, J., concurred in the result.