CHICAGO & KALAMAZOO TERMINAL RAILROAD CO. v. GRAND RAPIDS & INDIANA RAILWAY CO.

1. EMINENT DOMAIN—RAILROADS—CONDEMNATION PROCEEDINGS — REVIEW—CERTIORARI.

The determination of the court upon the issue which may be raised in conformity with the provisions of section 6245, 2 Comp. Laws, may be reviewed by certiorari, whatever the form in which cause is shown of record; but, the proceedings being summary, and dilatory proceedings not being favored, it is not contemplated that cause shall be shown by a series of special pleadings, the decision upon each of which may be separately reviewed.

2. SAME—RAILROADS—PROPERTY SUBJECT.

The court declines to say that a railroad company may not own land, other than that excepted in section 6242, 2 Comp. Laws, which is subject to be condemned by another railroad company for use as a way for its tracks.

3. SAME—PLEADINGS—PETITION—SUFFICIENCY.

    A petition by a railroad company, to condemn lands belonging
    to another railroad company, which avers the facts required
    . by section 6242, 2 Comp. Laws, is sufficient, it being the duty
    of the landowner to bring before the court the facts relied
    upon to defeat the showing, rather than the duty of the peti-
    tioner to negative, or state by way of exclusion and inclusion,
    every fact and theory upon which the owner might rely to
    show the property to be exempt.

Certiorari to Kalamazoo; Adams, J. Submitted May 12, 1908. (Docket No. 133.) Decided July 13, 1908.

Condemnation proceedings by the Chicago & Kalamazoo Terminal Railroad Company against the Grand Rapids & Indiana Railway Company. There was an order overruling a demurrer to the petition, and respondent brings certiorari. Affirmed.

*Alfred J. Mills*, for petitioner.

*James H. Campbell*, for respondent.

The petition in the condemnation proceeding, after describing the land sought to be condemned, contains the following averments:

"That said real estate is required for public purposes and uses, to wit: For the purposes of your petitioner's incorporation and railway, in constructing, operating, and building its said railway and the appurtenances thereof, and as and for a right of way for its said railway, and for the main line thereof, and also for building thereon and maintaining and operating such additional tracks as are necessary and convenient for the construction, maintenance, and accommodation of your petitioner's railway, and the taking thereof is necessary for public use. * * *

"*Seventh.* That said piece or parcel of land and property is not any part of the track or right of way of the Grand Rapids & Indiana Railway Company, a corporation which is incorporated and exists under and by virtue of the laws of the State of Michigan, and also under and by virtue of the laws of the State of Indiana, as your petitioner is informed and believes, which is the owner thereof, nor is it any part of the track or right of way of any

other railroad company within the intent and meaning of section 17 of the general railroad laws (Laws 1873, Act No. 198) of the State of Michigan."

The demurrer to the petition is here set out at length:

"The Grand Rapids & Indiana Railway Company, respondent, says that the petition in this proceeding is not sufficient in law, and does not state facts or set forth a case which gives the court jurisdiction to proceed under said petition to appoint commissioners, as therein prayed, for the reasons:

"(1) There is no provision, in any statute of Michigan, which authorizes proceedings for the condemnation of the land of one railroad company for the use of another railroad company upon the facts, or for the purposes, set forth in said petition.

"(2) The statute, the general railroad law of this State, being Act No. 198, Laws 1873, as amended, allows proceedings for the condemnation of land owned by one railroad company for use by another in only three cases, viz. : (a) For the purposes of a crossing; (b) for depot or terminal facilities; (c) of a roadbed, or part thereof, which has for five years remained in an unfinished condition, and without having the ties and iron thereon.

"(3) The petition does not seek to acquire the land described therein, and sought to be condemned for a crossing, nor for depot or terminal facilities, and the same is not shown to be an unfinished or unused roadbed.

"(4) The petition does not show that the land described therein, and sought to be condemned, is subject to condemnation under Act No. 198, Laws 1873, as amended, by the petitioner, for the purposes and in the manner set forth therein."

The briefs and arguments present two questions. The first involves the right to review, in this proceeding, the order of the circuit court, which merely overrules the demurrer, and gives the respondent in the condemnation proceeding the opportunity to answer the petition. The second involves the merits of the demurrant's case, which rests upon the proposition that the petition does not, by averment of necessary facts, show that the land sought to be acquired is subject to condemnation for the purpose stated in the petition.

OSTRANDER, J. (*after stating the facts*). The right
to review, by certiorari, the determination of the court
upon the issue which may be raised in conformity with
the provisions of 2 Comp. Laws, § 6245, is settled by prior
decisions of this court. *U. S. Gypsum Co.* v. *Kent Circuit Judge*, 150 Mich. 668. But it is not contemplated
by the statute that cause shall be shown by a series of
special pleadings, the decision upon each of which may be
separately reviewed. As has been repeatedly indicated
by this court, the proceeding is not strictly judicial in
character—is summary—and dilatory proceedings are not
favored. The form in which cause is shown of record is
not very material, so long as objections, however predicated, supposed to relate to the preliminary issue, are
presented.

Counsel for plaintiff in certiorari says that a question is
presented which involves "consideration and determination of the extent to which the property of one railroad
company may be taken by another by condemnation,
under Michigan statutes, what land may be so taken, and
for what purposes, the rights which may be acquired, as
title or easement, and the construction of " 2 Comp. Laws,
§ 6242, as amended by Act No. 266; Pub. Acts 1899. It
is only in the most limited sense that any of these matters
are involved. General, applicable, principles are not in
doubt. This court said, in *Battle Creek, etc., R. Co.* v.
*Tiffany*, 99 Mich. 471, 474:

"It is elementary that the power to condemn land is in
the State, and can be exercised only in such cases and by
such methods as the legislature may authorize; also, that
land once taken for and applied to a public use is not usually
subject to condemnation under general laws, but only
where the power is granted by express language or necessary implication. Again, railroads are permitted to condemn lands for their use because the use is considered a
public one, and land procured for railroad purposes by
purchase is as much for a public use as when it is condemned; all being upon a common footing, and not subject to a subsequent exercise of the right of eminent do-

main, unless authorized by an enactment of the legislature."

In *Cincinnati, etc., R. Co.* v. *Bay City, etc., R. Co.*, 106 Mich. 473, one of the objections made was:

"It appears that this is an attempt to condemn the property of another railway, under circumstances unauthorized by statute."

It was argued, upon an appeal from the award, that the petition and this objection raised a jurisdictional question, to be settled before proceeding to an award. It was said that section 3331, 3 How. Stat., which is 2 Comp. Laws, § 6242, above referred to,

"Subjects railroad property to condemnation, excepting (under some circumstances) the track and right of way. The argument is made that this is an attempt to condemn the track and right of way; and, if this appeared from the petition and answer, it might be necessary to try the question. But it does not, and we think the circuit judge was right in declining to allow the question to be raised."

Undoubtedly, the petition must affirmatively state facts necessary to give the court jurisdiction. In view of these decisions we are not prepared to say that a railroad company may not own land, other than that excepted in section 6242, which is subject to be condemned by another railroad company for use as a way for its tracks. The petition, apparently, avers such facts as are required by the provisions of this section. We think it better practice, in such cases, to require the owner of the land to bring before the court the facts relied upon to defeat the proceeding, rather than to require the petition to negative, or to state by way of exclusion and inclusion, every fact and theory which the owner might rely upon to show the property to be exempt.

The order of the court below is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.