GRAND RAPIDS & INDIANA RAILWAY CO. *v.* KALAMAZOO CIRCUIT JUDGE.

VENUE—CHANGE—ACTIONS IN WHICH AUTHORIZED—CONDEMNATION PROCEEDINGS.

Act No. 161, Pub. Acts 1907, authorizing a change of venue in any "cause" pending, was not intended to extend the jurisdiction previously existing, and hence did not authorize a change of venue in proceedings to condemn land for a railroad right of way.

Mandamus by the Grand Rapids & Indiana Railway Company to compel John W. Adams, circuit judge of Kalamazoo county, to vacate an order denying a change of venue.   Submitted September 8, 1908.   (Calendar No. 23,114½.)   Writ denied November 2, 1908.

*James H. Campbell*, for relator.

*Alfred J. Mills*, for respondent.

BLAIR, J.   This is an application for an order requiring respondent to show cause why he should not vacate

his order denying a petition for change of venue in the condemnation proceedings reported as *Chicago, etc., R. Co.* v. *Grand Rapids, etc., R. Co.*, 153 Mich. 686. The respondent refused to grant a change of venue upon the sole ground that he had no jurisdiction or power to grant a change of venue in condemnation proceedings, regardless of the showing made. The trial judge was clearly right in his holding, unless the amendment of 1907 (Act No. 161, Pub. Acts 1907) has effected a change in the law as to such proceedings. *Michigan, etc., R. Co.* v. *Monroe Circuit Judge*, 144 Mich. 44.

Act No. 309, Pub. Acts 1905, provided:

"Each of said courts may change the venue of any criminal action pending therein, upon good cause shown, and shall change the venue of *any civil action* pending therein, upon the application," etc.

The amendment of 1907 provides:

"Each of the said courts, upon good cause shown, may change the venue in *any cause* pending therein," etc.

We find no reasonable ground for determining that the legislature intended, by the use of the word "cause," instead of the word "action," to extend the jurisdiction of the courts in civil cases. The words "any cause" were intended to embrace and have the same meaning as the words "any criminal action" and "any civil action;" both classes of actions being brought under the same rule as to the character of the showing to be made. Manifestly the proviso was not intended to enlarge the jurisdiction, since it merely continued in force "any and all suits, proceedings, causes, or actions" pending under the act of 1905, which this court had held did not apply in condemnation proceedings.

Application denied, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.