FRANK HESTER ET AL. v. F. H. CHAMBERS, ASSOCIATE JUDGE OF THE RECORDER'S COURT OF DETROIT.

*Condemnation proceedings—Qualifications of juror—New trial.*

1. Where a jury in condemnation proceedings disagree, and are discharged, the members of the panel are disqualified to sit as jurors in new proceedings to condemn the same land for the purposes mentioned in the first petition.
2. Where in such a case a juror, upon his examination as to his qualifications, denied having formed or expressed an opinion as to the necessity of taking the land for public use, and the contesting party was ignorant of his having acted as a member of the former panel, and of the submission of the question of such necessity to him as a member thereof, until after the second proceedings were ended, he is entitled to have the verdict set aside and to a new trial.

*Mandamus.* Submitted January 21, 1891. Granted February 12, 1891.

Relators applied for *mandamus* to compel respondent to set aside a verdict in condemnation proceedings. The facts are stated in the opinion.

*E. T. Wood,* for relators.

*John J. Speed,* for respondent.

PER CURIAM. The petition shows that several proceedings have been instituted on behalf of the Commissioners of Parks and Boulevards of Detroit to condemn lands for the opening and widening of that way. In the condemnation of lands in cities and villages for the use and benefit of the public, the necessity for using such property, and the just compensation to be made therefor, must be ascertained by a jury of freeholders. Const. Art. 15, § 15; Id. Art. 18, § 2.

The sole question presented by the petition in this case is whether a juror who has been summoned and acted upon the jury in a proceeding to condemn a parcel of land, but in which the jury disagreed and were discharged, is competent and qualified to sit and act upon a subsequent panel in proceedings to condemn the same parcel for the same purposes mentioned in the former petition. We think it clear that he is disqualified, and might have been challenged for cause; and when the juror, before being sworn, was examined as to his qualifications, and denied having formed or expressed an opinion as to the necessity of taking the land for public use, and the party was not aware that he had sat upon a former panel, and had the question submitted to him as a member thereof, and the party did not discover the fact until after the second proceedings had closed, the party is entitled to have the verdict set aside and a new trial before a disinterested and impartial jury.

The *mandamus* must issue as prayed for in the petition.