STATE HIGHWAY COMMISSIONER *v.* LINDOW.

*In re* FAI-75, SCOTTEN AND LAFAYETTE.

1. Trial—Pretrial Conference—Court Rule.
   A pretrial conference is mandatory in "every contested civil action" as required by court rule (GCR 1963, 301).

2. Same—Pretrial Conference—Purpose—Control of Trial.
   The purpose of the pretrial conference is to arrive at a conclusion which will control the subsequent hearing (GCR 1963, 301).

3. Eminent Domain—Condemnation Proceedings—Pretrial Conference.
   Condemnation proceedings, as conducted under former Constitutions and court rules were inquisitional in nature and required judge to act only in an advisory capacity, hence, were not subject to court rule requirement that a pretrial conference be held, but since the trial judge must now be present throughout the proceedings to determine the admissibility of evidence and to instruct the jury on questions of law, the proceedings so partake of the nature of a common-law action as to require that there be held a pretrial conference (Const 1850, art 18, § 2; Const 1908, art 13, § 2; Const 1963, art 10, § 2; Court Rule No 35, § 4 [1945]; GCR 1963, 301, 516.5, as amended).

4. Costs—Public Question—Condemnation Proceedings—Highways—Pretrial Conference.
   No costs are allowed in proceeding to determine whether a pretrial conference should be had in a proceeding to condemn land for highway purposes, a public question being involved (Const 1963, art 10, § 2; GCR 1963, 516.5, as amended).

Appeal from Wayne; Canham (James N.), J. Submitted Division 1 May 11, 1966, at Detroit.

References for Points in Headnotes
[1, 2] 53 Am Jur, Trial § 11.
[3] 27 Am Jur 2d, Eminent Domain §§ 375, 379, 380, 506.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

(Docket No. 899.)   Decided October 11, 1966.   Re-hearing denied December 9, 1966.

In the matter of acquisition of land for laying out, establishing and opening of FAI–75 Express-way between Scotten and Lafayette, the verdict roll of the jury was confirmed. Motion for new trial by defendant Lyla Lindow was denied. Defendants appeal. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, *Frank W. Lindemann* and *O. George Fedrigo,* Special Assistant Attorneys General, for the State Highway Department.

*Charles R. Hrdlicka, Gellert A. Seel, Sidney L. Cohn, Francis J. McDonald, Louis G. Basso, Jr.,* and *James F. Schouman,* for defendants Lindow.

RASHID, J.   A petition for condemnation was filed by the State highway commissioner on December 30, 1964, for the acquisition of land for the laying out, establishing, and opening of FAI-75 Expressway in the city of Detroit, Wayne county, Michigan, between Scotten and Lafayette at 24th street as a part of FAI-75 Expressway and as a limited access high-way.

The jury was impaneled and the trial was com-menced on March 9, 1965. The jury returned with a signed, verdict roll on April 2, 1965, showing a verdict of necessity and compensation being granted for each parcel including those owned by the various parties to this appeal. A motion for a new trial was filed on behalf of the parties in interest for parcels number 2429, 2430, 2431, 2432, 2472, 2435, 2417, 2468, and 2422 by their respective attorneys. Upon denial of the motion, defendants appeal here.

Defendants first assign as error the trial court's failure to hold a pretrial conference as required by GCR 1963, 301, which provides in part:

"In every contested *civil action* the court shall direct the attorneys for the parties to appear before it for a conference." (Emphasis supplied.)

It is clear from the language of Rule 301, *supra,* that a pretrial conference is mandatory in "every contested civil action." 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed, 1963), p 6. Therefore, if condemnation proceedings are "contested civil actions" within the scope of Rule 301, *supra,* reversible error was committed by the trial court in failing to conduct a pretrial conference.

The following committee comments appearing after Rule 301, *supra,* make it apparent that the intent of the rules committee, upon the adoption thereof, was to make Rule 301 inapplicable to condemnation proceedings:

"A condemnation proceeding constitutes an inquest and not a 'contested' action; therefore, Rule 301 would not apply to condemnation cases. See *In re Widening of Michigan Avenue,* 280 Mich 539; *In re Huron-Clinton Metropolitan Authority,* 306 Mich 373. The purpose of the pretrial conference is to arrive at a conclusion which will *control* the subsequent hearing, but the pretrial conference cannot accomplish this purpose in a condemnation case since the court does not control the condemnation hearing in the same sense that it controls a civil action."

The reason for excepting condemnation proceedings from Rule 301, *supra,* is also indicated by the committee comments to the rule. The comments indicate since "a condemnation proceeding constitutes an inquest and not a contested action," Rule 301 does not apply. Upon the adoption of Rule 301,

*supra,* condemnation proceedings under the 1908
Constitution, art 13, § 2, were regarded as *non jurid-
icus* proceedings since the judge, after the jury
was impaneled, acted only in an advisory capacity.
The constitutional tribunal for the determination
of issues of law and fact was the condemnation jury.
See *In re Widening of Michigan Avenue* (1937),
280 Mich 539 (cited in the committee comments to
Rule 301); *In re Huron-Clinton Metropolitan Au-
thority* (1943), 306 Mich 373 (also cited in the com-
mittee comments to Rule 301); *United States Gyp-
sum Co.* v. *Kent Circuit Judge* (1908), 150 Mich 668.

The procedure for condemnation cases was set
forth in Const 1908, art 13, § 2:*

"When private property is taken for the use or
benefit of the public, the necessity for using such
property and the just compensation to be made
therefor, except when to be made by the state, shall
be ascertained by a jury of 12 freeholders residing
in the vicinity of such property, or by not less than
3 commissioners appointed by a court of record, as
shall be prescribed by law."

Justice Campbell in *Toledo, A. A. & G. T. R.* v.
*Dunlap* (1882), 47 Mich 456, 462 explained the na-
ture of condemnation proceedings under our 1850
and 1908 Constitutions:

"The proceedings to condemn lands, although
made under the railroad laws subject to judicial
review and supervision for certain purposes, are
not in themselves and never have been regarded as
judicial proceedings. Our Constitution allows them
to be conducted by highway commissioners in some
cases, and by specially-appointed commissioners or
juries of freeholders. The inquiry in this State, as
elsewhere, is an appraisal or estimate of values, and
not a contest on litigious rights, and includes what

---

* Identical with Const 1850, art 18, § 2.

is not elsewhere included, an inquiry into the necessity of the proposed taking for public purposes, which was never made by courts, but always heretofore by the legislature or some unjudicial body of its creation. Had it not been for the specific provisions in our Constitution the State could have provided for these inquiries to be made by any medium it might select. *People, ex rel. Green,* v. *Michigan Southern R. Co.,* 3 Mich 496. Our present system is better calculated than the old one, if fairly applied, to secure the rights of landowners. But the nature of the proceeding remains as before, a special proceeding by a temporary tribunal selected for the occasion, and not a judicial proceeding in the ordinary sense."

The *non juridicus* nature of condemnation proceedings continued until the adoption of the 1963 Michigan Constitution which followed the adoption of Rule 301, *supra.* Condemnation proceedings have been materially affected by article 10, § 2 of the 1963 Constitution and GCR 1963, 516.5 as amended. Const 1963, art 10, § 2 provides:

"Private property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. *Compensation shall be determined in proceedings in a court of record.*" (Emphasis supplied.)

GCR 1963, 516.5, as amended, provides:

"Judges of courts of record in which condemnation proceedings have been instituted shall preside over the proceedings in person and shall instruct the jury or commissioners on questions of law and admissibility of evidence."

As a result of the foregoing constitutional and rule changes, condemnation proceedings, which were formerly inquisitional in nature, where the condemnation jury determined issues of fact and law, have

taken on more traditional common-law character-istics. See *State Board of Education* v. *von Zellen* (1965), 1 Mich App 147 at p 159. A judge is now required to be present throughout the proceedings to determine the admissibility of evidence and to instruct the jury on questions of law. See sub-rule 516.5, *supra*. Thus condemnation proceedings have now become judicial proceedings.

The intent of article 10, § 2 of the 1963 Constitution to make condemnation proceedings judicial in nature is apparent from the remarks of Convention Delegate Erickson regarding the previous function of the condemnation jury as "judge of law and fact" quoted in *State Highway Commissioner* v. *Gulf Oil Corp.* (1966), 377 Mich 309 at p 312:

" 'It is the desire and intent of the committee to correct this situation and have the judge act as such in condemnation cases with the same powers he has in other civil matters.' 2 Official Record, Michigan Constitutional Convention (1961), p 2581."

Although condemnation proceedings were not within the scope of Rule 301, *supra,* at the time of its adoption since such proceedings were then considered to be *non juridicus*, it is our conclusion that as a result of the Constitution of 1963, art 10, § 2 (effective January 1, 1964) and the 1963 General Court Rule 516.5, as amended, condemnation proceedings are now judicial proceedings within the "civil action" concept embodied in the rule. Both the majority and dissenting opinions in the *Gulf Oil Case, supra,* add weight to this approach. Therefore it is our decision that Rule 301, *supra,* is now applicable to condemnation cases.

In view of this holding, it is unnecessary to consider the other questions raised by defendants.

The trial court erred in refusing to grant defendants a new trial. This case is remanded for

a new trial as to defendants with instructions that the trial court conduct a pretrial conference as required by the rules.

Costs will not be taxed, a public question being involved.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.