INDIANA & MICHIGAN ELECTRIC COMPANY v. MILLER

1. EMINENT DOMAIN—ELECTRICITY—PUBLIC CONVENIENCE—CERTIFI-
   CATE.
   
   Utility corporation petitioning probate court for condemnation
   of right-of-way easements across part of a farm for the pur-
   pose of constructing a high voltage electric transmission line
   need not obtain a certificate of public convenience and neces-
   sity from the Michigan Public Service Commission where the
   utility does not propose to render electrical service or carry
   on a local business within any municipalities of this state
   outside of its present service area (CL 1948, § 460.502).

2. EMINENT DOMAIN—ELECTRICITY—CONDEMNATION PETITION—ALLE-
   GATIONS.
   
   Condemnation petition of utility corporation was not fatally de-
   fective because it did not allege that the condemnation was
   "necessary to generate, transmit and transform electric energy
   for public use in, upon or across private property," where
   paragraphs of the petition did specify generally the purpose
   and necessity of the condemnation (MCLA § 486.252).

3. EMINENT DOMAIN — STATUTES — CONSTRUCTION — LEGISLATIVE
   INTENT.
   
   Condemnation statutes must be construed so as to effect their
   purpose, not defeat the legislative intent, and not lead to
   absurd results.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  26, 27 Am Jur 2d, Eminent Domain §§ 56, 114, 344, 345.
[2, 4] 27 Am Jur 2d, Eminent Domain §§ 395, 396.
[3]  26 Am Jur 2d, Eminent Domain § 18.
[5]  27 Am Jur 2d, Eminent Domain § 401.
[6]  23 Am Jur 2d, Depositions and Discovery §§ 10, 154.
[7]  20 Am Jur 2d, Courts § 82.
[8, 9] 5 Am Jur 2d, Appeal and Error § 702 et seq.
[10]  27 Am Jur 2d, Eminent Domain §§ 427, 441.
[11]  53 Am Jur, Trial § 35.
[12]  27 Am Jur 2d, Eminent Domain § 401.
[13]  26 Am Jur 2d, Eminent Domain § 25 et seq.

4. EMINENT DOMAIN—ELECTRICITY—CONDEMNATION PETITION—ALLE-
   GATIONS.

   Petition of utility corporation for condemnation of right-of-way
   easements across part of a farm for the purpose of construct-
   ing a high voltage electric transmission line need not contain
   allegations that 90% of the property required for such purpose
   had been acquired or, alternatively, that it did not involve
   a water power project, where petitioner was not seeking to
   condemn property for use as a water power project (MCLA
   § 486.252).

5. ACTION—PRETRIAL CONFERENCE—COURT RULE—CONDEMNATION.

   A pretrial conference is now required in condemnation cases
   (GCR 1963, 301).

6. DEPOSITIONS—DISCOVERY—PROBATE COURT—COURT RULE.

   Depositions may be taken in all actions pending before any
   probate court and used in accordance with the General Court
   Rules of 1963 for use as evidence only and not for purposes
   of discovery, and only admissible evidence shall be taken (GCR
   1963, 302.1).

7. COURTS — COURT RULES — CONSTITUTIONAL PROVISIONS — SUPREME
   COURT.

   The Supreme Court has authority to adopt general rules estab-
   lishing, modifying, amending and simplifying the practice and
   procedure in all courts of this state (Const 1963, art 6, § 5).

8. DISCOVERY—PROBATE COURT—CONDEMNATION—DAMAGES—APPEAL
   AND ERROR.

   Argument of landowners that denial of discovery by probate
   court in action instituted by electric utility corporation to
   condemn land was prejudicial as to proof of damages is ir-
   relevant where the landowners did not appeal the adequacy
   of the amount of compensation awarded.

9. APPEAL AND ERROR—DAMAGES.

   The Court of Appeals will not consider allegations of error
   pertaining to assessment of damages where the amount of
   the award is not an issue on appeal.

10. EMINENT DOMAIN—WITNESSES—CREDIBILITY—COMMISSIONERS.

    Questions of the weight and credibility of testimony at a pro-
    bate court trial for condemnation of right-of-way easements
    for the purpose of constructing a high voltage electric trans-
    mission line are properly left to the commissioners appointed
    pursuant to statute by the probate judge (CL 1948, § 486-
    .252c).

11. TRIAL—PERFECT TRIAL.

The right to a fair trial does not give one the right to a perfect trial.

12. EMINENT DOMAIN—CORPORATIONS—AUTHORIZATION.

Claim that probate court erred in refusing to dismiss proceedings for condemnation of right-of-way easement across part of defendants' farm for the purpose of constructing a high voltage electric transmission line where the petitioner, a utility corporation, failed to prove that these proceedings were started pursuant to action of the corporation *held*, without merit, where the defendant landowners failed to challenge the petitioner's corporate authority to commence the proceedings at the show-cause hearing on the appointment of commissioners (CL 1948, § 486.252c).

13. EMINENT DOMAIN—BENEFIT.

A utility corporation may condemn land in Michigan even though there would be a benefit from the condemnation to people outside of Michigan as well as a benefit to people within the state.

Appeal from Berrien Probate Court, Ronald H. Lange, J. Submitted Division 3 January 8, 1969, at Grand Rapids. (Docket No. 4,842.) Decided August 27, 1969. Leave to appeal denied May 13, 1970. See 383 Mich 781.

Petition by Indiana & Michigan Electric Company, an Indiana corporation, for condemnation of right-of-way easements across part of the farm of Victor A. Miller and Helen T. Miller for the purpose of constructing a high voltage electric transmission line. After determination of necessity by commission and confirmation by probate court, defendants appeal. Affirmed.

*Killian, Spelman & Taglia,* for plaintiff.

*Hartwig, Crow & Jones,* for defendants.

*Amicus Curiae: Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David P. Van Note,* Assistant Attorney General, for Michigan Public Service Commission.

Before: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

DANHOF, J. The plaintiff utility corporation petitioned the Berrien County Probate Court, pursuant to PA 1923, No 238, as amended (MCLA § 486.251 *et seq.* [Stat Ann 1969 Cum Supp § 22.1671 *et seq.*]), for condemnation of right-of-way easements across part of defendants' farm for the purpose of constructing a high voltage electric transmission line.

At the conclusion of the trial the commissioners appointed pursuant to the statute by the probate judge made a determination of public necessity and awarded damages to defendants in the amount of $21,000, which was within the range of the testimony.

On appeal, the defendants make no challenge as to the adequacy of the amount of compensation. Rather, they raise several questions directed towards the validity of the proceedings and the determination of public necessity.

Initially, they argue that the court erred in holding the petition for condemnation valid where the petition contained no allegation either that a certificate of convenience and necessity had been obtained from the Michigan Public Service Commission, or in the alternative that a certificate was not required.

MCLA § 486.252 (Stat Ann 1969 Cum Supp § 22.1672) provides in part:

"Such condemnation proceedings in all cases shall be brought by petition addressed to the probate court for the county in which the land or any part

thereof or interest therein to be condemned is located, and shall conform, as nearly as practicable, to the rules of pleading and practice governing probate court procedure."

The statute then prescribes the factual allegations which the petition shall set forth. Defendants do not contest plaintiff's compliance with § 2. Instead, their position is that CL 1948, § 486.253 (Stat Ann 1969 Cum Supp § 22.1673) expresses a "limitation and condition precedent to the institution of condemnation proceedings." It states in part:

"In any case where either Act No. 9 or Act No. 69 of the Public Acts of 1929, as amended, requires a certificate of necessity to be obtained from the Michigan public service commission, then in such instance any such corporation shall, before commencing any condemnation proceedings, first make application to, and obtain from said commission such certificate as is now or may hereafter, by amendment, be required by the provisions of said acts, and shall, in all other respects, comply with the requirements of said acts."

Defendants contend that this language made it incumbent on plaintiff to state in its petition either that a certificate had been obtained, or in the alternative that a certificate was not required, and also the facts which showed that plaintiff did not come within either PA 1929, No 9[1] or No 69.[2]

We find no support for this interpretation of the statutory language in cases cited by defendants. PA 1929, No 9 by defendants' own admission has no application to this case.

The Michigan Supreme Court has held that § 2[3] of Act No 69, which defines when a certificate of

---

1. CL 1948, § 483.101 et seq. (Stat Ann § 22.1311 et seq.).
2 CL 1948, § 460.501 et seq. (Stat Ann § 22.141 et seq.).
3 CL 1948, § 460.502 (Stat Ann § 22.142).

convenience and necessity is required, was designed
to prevent needless multiplication of companies
serving the same territory. See *Huron Portland
Cement Company* v. *Public Service Commission*
(1958), 351 Mich 255; *Panhandle Eastern Pipe Line
Company* v. *Michigan Public Service Commission*
(1950), 328 Mich 650 (86 PUR NS 1) *affirmed*
(1951), 341 US 329 (71 S Ct 777, 95 L Ed 993, 89
PUR NS 1).

By order of this Court the attorney general has
filed a brief on behalf of the Michigan Public Service
Commission relative to whether plaintiff was re-
quired to obtain a certificate of public convenience
and necessity from the Michigan Public Service
Commission pursuant to Act 69. The attorney gen-
eral takes the position that Act 69 does not require
plaintiff to secure a certificate of public convenience
and necessity because plaintiff does not propose to
render electrical service or carry on a local business
within any municipalities of this State outside of
its present service area. This Court agrees with
that position.

Defendants'. alternative contention that the peti-
tion must state that a certificate was not required
and the facts supporting that statement is without
merit.

Defendants also argue that the condemnation peti-
tion was fatally defective because it did not allege
that the condemnation was "necessary to generate,
transmit and transform electric energy for public
use in, upon or across private property," as pro-
vided in the fifth paragraph of MCLA § 486.252
(Stat Ann 1969 Cum Supp § 22.1672).

However, the sixth paragraph of MCLA § 486.252
(Stat Ann 1969 Cum Supp § 22.1672) states that the
petition shall specify generally the purpose and
necessity of acquiring such lands and interests. An

examination of plaintiff's petition shows that paragraph six states:

"Demand for electric energy from all classes of customers served by petitioner is rapidly and constantly increasing. To meet this increased demand petitioner is obliged to not only expand its existing generating, transmitting and distributing facilities, but also to make interconnections with other major electric utilities in neighboring areas in order to provide alternative sources of supply in the event of breakdown, overload or interruption of electric power supplied by existing lines. By obtaining such additional supplemental and emergency sources of power, petitioner will be better able to insure the continuity of supply to the public in petitioner's service area."

Additionally, paragraph ten states in part:

"It is *necessary* that the power line cross the above described parcels of land  *  *  *  ." (Emphasis added.)

Also, paragraph 14 provides:

"Because of the increasing public demand for electrical energy and the *necessity* for increasing the supply thereof and insuring alternative supplies in the event of breakdown or interruption of existing lines, and because of the time required for the erection of said proposed line, it is *necessary* and in the public interest that petitioner have immediate and speedy occupation of such right-of-way easements and accordingly, notice is hereby given pursuant to § 2h of said Act 238 of the Public Acts of 1923, as amended, (CL 1948, § 486.252h [Stat Ann 1969 Cum Supp § 22.1672(8)]) that if and as soon as the *necessity* of taking has been determined, petitioner will apply for an order authorizing it to occupy the premises sought pending further proceedings herein." (Emphasis added.)

These paragraphs do specify generally the purpose and necessity of the condemnation. No specific or "magic" words were needed. Condemnation statutes must be construed so as to effectuate their purpose, not defeat the legislative intent, and not lead to absurd results. *Michigan Consolidated Gas Company* v. *Muzeck* (1966), 4 Mich App 502, 509, *affirmed* (1967), 379 Mich 649.

Defendants urge, additionally, that the petition was fatally defective because it did not allege that 90% of the property had been acquired or, alternatively, that it did not involve a water power project.

The relevant portion of the sixth paragraph of MCLA § 486.252 (Stat Ann 1969 Cum Supp § 22.1672) reads:

"In any case where the petitioner seeks to exercise the rights conferred by the provisions of paragraph fifth of § 2 hereof, for the purpose of acquiring any property or interest therein for use as a water power project, the petitioner shall first have acquired and its petition shall contain the additional allegation that the petitioner has acquired, prior to the filing of such petition, by any means other than by condemnation, at least 90% of the property rights and interests including lands to be overflowed, required for such purpose, within the area proposed for such water power project."

Plaintiff was not seeking to condemn property for use as a water power project and the statutory language just quoted only applies to such a case. We find no merit in defendants' alternative argument that plaintiff was required to state that it was not involved in a water power project.

Since this Court has not sustained defendants' attack on the adequacy of plaintiff's petition, it is unnecessary to consider whether affidavits filed by

plaintiff in response to defendants' motion to quash
and dismiss should have been received and con-
sidered.

Defendants also appeal the probate court's denial
of their motion for discovery, citing *State Highway
Commissioner* v. *Lindow* (1966), 4 Mich App 496,
and GCR 1963, 301.

Rule 301, *supra,* pertains to pretrial conferences
and the *Lindow Case, supra,* held that a pretrial
conference was now required in condemnation cases.
The opinion stated (p 501):

"Although condemnation proceedings were not
within the scope of Rule 301, *supra,* at the time of
its adoption since such proceedings were then con-
sidered to be *non juridicus,* it is our conclusion that
as a result of the Constitution of 1963, art 10, § 12
(effective January 1, 1964) and the 1963 General
Court Rule 516.5, as amended, condemnation pro-
ceedings are now judicial proceedings within the
'civil action' concept embodied in the rule. Both
the majority and dissenting opinions in the *Gulf
Oil Case, supra,* add weight to this approach. There-
fore it is our decision that Rule 301, *supra,* is now
applicable to condemnation cases."

However, this Court in *Detroit Edison Company*
v. *Zoner* (1968), 12 Mich App 612, 616, 617, *leave
to appeal denied* (1968), 381 Mich 783 stated:

"Defendants make the argument that they were
improperly denied a pretrial conference under the
*Lindow* precedent and under the wording of GCR
1963, 301.1:

" 'In every contested civil action the court shall
direct the attorneys for the parties to appear before
it for a conference.'

"The general court rules do not generally govern
the practice in probate court. GCR 1963, 11.1.
Separate rules are established in Michigan for pro-
bate practice. * * * The power and supply com-

panies condemnation statute is silent in regard to pretrial conferences. It is the opinion of this Court that it was not error in this case for the probate court to have denied the motion for a formal pretrial conference. Our conclusion is reinforced by the fact that an informal pretrial conference was held and the defendants have made no showing of prejudice by the denial of a formal conference."

In the instant case a formal pretrial conference was held on December 13, 1966, thereby satisfying the *Lindow* test as well as the *Zoner* requirement.

Plaintiff and the probate court relied in part on GCR 1963, 302.1 which states:

"After commencement of an action, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. *In all actions pending before any probate court,* commissioner of claims appointed by a probate court, arbitrator, referee, circuit court commissioner, justice of the peace, or other court not expressly covered by these rules or before any administrative agency in the exercise of judicial functions, *depositions may be taken and used in accordance with these rules for use as evidence only and not for purposes of discovery and only admissible evidence shall be taken."* (Emphasis added.)

Const 1963, art 6, § 5 vested authority in the Supreme Court to adopt general rules establishing, modifying, amending and simplifying the practice and procedure in all courts of this State. The clear language of GCR 1963, 302.1 is controlling on the probate court and on this Court.

Furthermore, defendants' argument that denial of discovery was prejudicial as to proof of damages is irrelevant since they did not appeal the adequacy of the amount of compensation awarded.

Next, defendants contend that the probate court made numerous errors in its rulings and remarks, the cumulative effect of which was to deny defendants a fair trial.

Many of these alleged errors pertain to assessment of damages, and since the amount of the award is not an issue in this appeal, this Court will not consider them. Some of the alleged errors concern questions of the weight and credibility of testimony which were questions properly left to the commissioners. Still others relate to testimony which was cumulative and therefore any error would not have been prejudicial. It is clear from the record that this case was hotly contested and aggressively tried. Defendants' right to a fair trial was protected both by counsel and by the trial judge. There is no right to a perfect trial. *People* v. *Herrera* (1968), 12 Mich App 67, 86, *appeal pending* (1968), 381 Mich 777.

Defendants assert that plaintiff failed to prove that these proceedings were started pursuant to action of the corporation, and therefore, the probate court erred in refusing to dismiss the proceedings on the motion of defendants at the close of the proofs.

CL 1948, § 486.252c (Stat Ann 1969 Cum Supp § 22.1672[3]) provides in part:

"Upon the hearing, if due notice of the pendency of said petition has been given and *unless sufficient cause to the contrary be shown,* the court shall appoint three disinterested freeholders, as commissioners, whose duty it shall be to ascertain and determine the necessity of the proposed public use, the necessity of using such property or of acquiring an interest or easement therein for the purposes named, and the just compensation to be paid therefor by the petitioner, which shall be paid to each

of the owners and persons interested in the premises, as and for his, her or their just compensation for the land or interest therein sought to be taken." (Emphasis added.)

This statute places the burden upon the responding landowners to show cause why the proceedings ought not to go forward. Defendants did not challenge plaintiff's corporate authority to commence these proceedings at the show-cause hearing.

Furthermore, 6 Nichols, Eminent Domain (3d ed), § 26.1312, pp 233, 234 states:

"When a corporation undertakes to exercise eminent domain for a particular purpose under authority of a general statute, it is not open to the owner of land sought to be taken to contest the proceedings on the ground that the corporation, by the terms of its charter, had no authority to engage in the business for which the land was desired. *Similarly, when a petition for condemnation has been filed on behalf of a corporation by its executive officers, the owner of the land sought to be taken cannot raise the objection that the directors of the corporation had not voted to authorize the filing of the petition.*" (Emphasis added.)

Therefore, the trial court properly refused defendants' motion to dismiss.

Error is also claimed as to the trial court's instructions relative to the term "public use." It is defendants' position that plaintiff had no right to condemn land in Michigan where there would be a benefit to people outside of Michigan as well as a benefit to people within the State. This is clearly an erroneous position and the primary case relied on by defendants, *Shizas* v. *City of Detroit* (1952), 333 Mich 44, is readily distinguishable on its facts.

Moreover, *Lakehead Pipe Line Company, Inc.* v. *Dehn* (1954), 340 Mich 25 held that a pipeline com-

pany, engaged in interstate and foreign commerce, which was constructing a pipeline across this State to be equipped to serve refineries within this State could acquire by condemnation proceedings property necessary for the public use claimed; there being both a state and national purpose served. When completed the pipeline was to form part of a system for transportation of petroleum products from Redwater in Canada to Sarnia in Canada. Similarly, in the instant case plaintiff is engaged in interstate commerce and in constructing an interconnecting power line which will serve both a state and national purpose.

The trial court's instructions regarding the term "public use" were fair and proper.

Finally, defendants challenge the form of the report made by the commissioners. While the language questioned by defendants might better have been omitted, we consider it surplusage rather than as sufficient cause for reversal.

Affirmed, costs to appellee.

All concurred.