## DETROIT EDISON COMPANY *v.* CHAMBERLIN

1. CONSTITUTIONAL LAW—JURY—CONDEMNATION—EMINENT DOMAIN.

   The constitutional right to jury trial does not include condemnation cases (Const 1963, art 1, § 14).

2. EMINENT DOMAIN—CONDEMNATION—NECESSITY—SECOND HEARING —NEW COMMISSIONERS—REFUSAL TO APPOINT—DISCRETION.

   Probate Court's refusal to appoint new commissioners for a second hearing on necessity in a condemnation proceeding was not an abuse of discretion (MCLA § 486.252c).

3. DISCOVERY—PROBATE COURT—COURT RULES.

   Court rule precludes the taking of depositions for the purpose of discovery in an action pending before a probate court although the rule permits the taking of depositions for use as evidence provided such evidence is admissible (GCR 1963, 302.1).

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Eminent Domain § 407.
[2] 27 Am Jur 2d, Eminent Domain § 448.
[3] 23 Am Jur 2d, Depositions and Discovery § 154.

Appeal from Macomb County Probate Court, Donald J. Parent, J. Submitted Division 2 October 10, 1969, at Lansing. (Docket No. 4,227.) Decided October 29, 1969.

Petition by the Detroit Edison Company, a New York corporation, to condemn certain lands owned by Wallace G. Chamberlin and Grant Chamberlin. Commissioners' report of necessity confirmed by Probate Court. Defendants appeal. Affirmed.

*Fischer, Sprague, Franklin & Ford (Ralph N. Houghton, Jr.,* of counsel), for plaintiff.

*Darden, Neef & Heitsch,* for defendants.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

QUINN, P. J. This appeal raises three issues not disposed of by *Chamberlin* v. *Detroit Edison Company* (1968), 14 Mich App 565, to which reference is made for factual background not noted in this opinion.

The day before the commissioners filed their report on necessity in a condemnation proceeding filed pursuant to MCLA § 486.251 *et seq.* (Stat Ann 1969 Cum Supp § 22.1671 *et seq.*), defendants filed their action in circuit court to restrain plaintiff from proceeding in the condemnation action. This report of the commissioners was never confirmed. The circuit court denied relief except for holding that the probate court should have held a pretrial conference as was held in *State Highway Commissioner* v. *Lindow* (1966), 4 Mich App 496. The Chamberlins appealed to this Court from that judgment and it

was affirmed in *Chamberlin* v. *Detroit Edison Company, supra.*

Prior to decision in *Chamberlin* v. *Detroit Edison Company, supra,* the Chamberlins returned to probate court and participated in a pretrial conference and trial of the necessity issue before the same commissioners. Defendants did object to proceeding before the same commissioners. The report of the commissioners found necessity, it was confirmed and Chamberlins appeal therefrom claiming the trial court erred reversibly in not appointing new commissioners for the second hearing on necessity and in not allowing defendants adequate opportunity for discovery. They further claim that the evidence presented does not support the finding of necessity.

The statute, MCLA § 486.252c (Stat Ann 1969 Cum Supp § 22.1672[3]), requires that "the court shall appoint three disinterested freeholders" as commissioners. It is defendants' position that the commissioners could not be disinterested, having heard and decided the necessity issue before. Then by analogizing cases involving new trials in jury cases with what in effect was a retrial of the necessity issue, defendants argue they were denied a fair trial.

*Chamberlin, supra,* held that the right to jury trial protected by Const 1963, art 1, § 14, did not include condemnation cases. The authorities relied on by defendants which involved new trials in jury cases are not applicable to this condemnation case. The other authority defendants cite, *Hester* v. *Chambers* (1891), 84 Mich 562, is not controlling precedent. No reason is given for that decision, it has never been cited in a Michigan decision since, and its only legal effect was to decide *Hester.*

*Chamberlin, supra,* holds that the statute here involved is constitutional. MCLA § 486.252e (Stat

Ann 1969 Cum Supp § 22.1672[5]) authorizes the trial court to refer the report back to the commissioners or to appoint other commissioners to retry the questions involved. A finding of abuse of discretion would be the only legal basis on which this Court could interfere with the statutory authority of the trial court, and this record does not support such a finding.

GCR 1963, 302.1, precludes discovery of the type defendants sought below in probate court. The rule permits the taking of depositions for use as evidence and restricts them to admissible evidence. Defendants were seeking discovery only, so we find no merit in the claim that it was reversible error not to allow them adequate time for discovery.

Defendants' contention that the evidence does not support the finding of necessity is refuted by the record.

Affirmed with costs to plaintiff.

All concurred.